COLLINS & HANNEY vs. GIBSON & SARGEANT.

ADDISON,
January,
1833.

That a levy of execution upon an equity of redemption is good, when described as all the debtor's equity of redemption in the premises, stating also the nature and amount of the incumbrance, if the execution cannot be satisfied with less than the whole of such equity of redemption.

That an execution, not large enough to take the whole of the debtor's equity of redemption, must be levied upon an undivided portion of the whole.

That, if a defendant, who is lessee of the mortgagor, moves to other premises before the lease expires, that does not prevent his liability to be sued as in possession, unless he surrenders his lease, or at least gives notice to his lessor, that he, for good reasons, is about to leave possession, and abandon his lease.

That the plaintiffs, having a good title against the defendants, who are mortgagor and his lessee, but no title as against the mortgagee, can recover no other damages than merely nominal.

This action was tried in the County Court, at the December Term, 1832, when the following bill of exceptions was allowed, to wit :

This was an action of ejectment for a piece of land in Middlebury village. The suit commenced November 19th, 1831.—Plea, the general issue, with a disclaimer as to the defendant, Sargeant.

The plaintiffs offered in evidence the record of an attachment of all the lands in Middlebury, made on the 3d day of January, 1829, on a writ in favor of the plaintiffs against the defendant, Gibson. Judgement in said suit, and levy of the execution upon said Gibson's equity of redemption in the demanded premises, on the 25th day of January, 1830. The plaintiffs also offered in evidence, the record of a lease of the demanded premises from Gibson to Moses Cutter, for the term of three years from October 15th, 1829, dated November 25th, 1829, an assignment of said lease to Cutter & Rogers on the 17th day of April, 1830, and an assignment of said lease by Cutter & Rogers, to the defendant, Sargeant, on the 11th day of July, 1830 ; with evidence tending to show, that said Sargeant went into possession of said premises under said lease soon after the assignment of it to him; and continued in possession of the same until the commencement of the present suit ; accompanied with proof, that the sum of one hundred and twenty-five dollars was the yearly value of the rents of said premises. The defendants offered in evidence the record of a judgement in favor of Ira Stewart in ejectment for

HARVARD LAW SCHOOL LIBRARY

Addison,
January,
1833.

Collins & al.
vs.
Gibson & al.

the same premises against said Gibson, upon mortgage; to which suit the present plaintiffs were not parties, with time to redeem, which would expire on the second Tuesday of December, 1831 : all of which evidence was admitted by the Court. And the plaintiffs contended, that they were entitled to a judgement for the possession of the premises, together with the rents and profits as damages, from the 25th day of July, 1831, to the time of the commencement of this suit. The Court decided, that Sargeant having gone into possession of the premises under a lease, which was unexpired at the time of the commencement of the plaintiff's action, he must be regarded as a tenant in possession, until he formally abandons his lease, and gives the plaintiffs notice of the same; and rendered a judgement for the plaintiffs to recover the possession of the premises : but refused to render judgement that plaintiffs should recover the rents as damages. It appeared that said Sargeant had removed his goods from said store, and occupied another store, before the suit was brought; but no other evidence was offered of a surrender, or abandonment of his lease.

To which decision of the Court, refusing damages on the judgement, the plaintiffs except. And the defendants except to the decision of the Court as to the necessity of an abandonment on the part of Sargeant. Exceptions allowed, and the case now comes here for revision.

*Argument for the plaintiffs.*—The plaintiffs having levied their execution upon the equity of redemption of Gibson in the demanded premises, were entitled to the possession of the premises after the six months redemption had expired.—Stat. 211, Chap. 28, Sec. 6.

The attachment of the plaintiffs being prior to the date of the lease, under which the defendant, Sargeant, had possession of the premises, the lease gave Sargeant no title to the possession as against the plaintiffs; and Sargeant having gone into possession under the lease, which had not expired at the time of the commencement of plaintiff's action, must be regarded as the *tenant in possession*, until he formally abandoned the premises, and gave notice of such abandonment.

ADDISON,
January,
1833.

Collins & al.
*vs.*
Gibson & al.

The Court having decided, that the plaintiffs were entitled to a judgement for the premises, should also have given judgement for the plaintiffs to recover the rents and profits as damages.—Stat. p. 84, Chap. 7, Sec. 38.

The judgement in favor of *Stewart* vs. *Gibson*, upon Stewart's mortgage, can have no bearing upon the rights of the parties to this suit. The present plaintiffs were not parties to that suit; and their rights can in no way be affected by the judgement. It affords the defendants no ground of defence in this action; and as Stewart has made no claim for rents and profits in his suit against Gibson, he must be regarded as having waived all claims to the same

*Argument for defendants.*—The levy of execution on the equity of redemption is void. That levy should be on the land subject to the incumbrance.—1 Vt. R. 101, *Payne* vs. *Webster.*—1 Vt. R. 303, *Arms* vs. *Burt & al.* Plaintiffs show but an equitable interest, which cannot be set up against a legal title.—2 John R. 84, 221.—3 John. R. 424.—1 Day, 70. In ejectment the plaintiff must show a right of entry, at the time of commencing his action, and at the time of trial.—1 Vt. R. 244, *Cooley* vs. *Penfield.* The legal title and possession were in Stewart at the time the plaintiffs commenced their action; and the plaintiffs had neither title, possession, nor the right of possession; and cannot sustain this action.—Bull, N. P. 110.

A mortgagee in ejectment may recover rents and profits.—Bray. R. 166, *Stanbury* vs. *Dean.* In this case Stewart was entitled to the rents and profits.

Ejectment will not lie for an equity of redemption : it is not visible or tangible, and of which the Sheriff can put the party in possession.

The action is awkwardly brought to recover the mesne profits. But ejectment will not lie, and by the levy, plaintiffs acquired no right to possession. The only mode, by which the creditor, in any execution levied on land, can recover mesne profits of the debtor, is by action on the case, after having the profits and improvements appraised, as described by the statute.—Vt. Stat. p. 211–12 ; and this only in case the estate is not redeemed within six months ;

ADDISON,
January,
1833.

Collins & al.
vs.
Gibson & al.

and the creditor has a right to enter and take possession. Stewart had the right of possession and has taken it.

This mode is not known to the common law. The plaintiffs had no right to the possession at the time of commencing their action, or at the time of trial. The equity of redemption was, as to being of any value, contingent. In this case, as the contingency fell out, it was of no value, as the estate was not redeemed. So that the plaintiffs acquired nothing by the levy.

At the time of the levy, Gibson had no right, but the equitable one of redeeming; and, when that was foreclosed, his right wholly ceased and became extinguished : and the plaintiffs can have no greater right than Gibson, who then had neither legal title, or actual possession, or right of possession. Plaintiffs must recover, if at all, on the strength of their own title—not on the weakness of def'ts.

On the second plea, Sargeant was entitled to judgement in his favor. By the plea of disclaimer, he placed on record a full denial of title, possession, or right of possession, which is conclusive against him ever after. And the circumstance of producing a record of a lease of an unexpired term, was not sufficient to countervail the plea of disclaimer, connected with the fact, that he had wholly abandoned and quit the possession two months before the action was commenced.

A party has a right to abandon his title or possession, or both, whenever he pleases.

It is a rule in ejectment, that the plaintiff must prove the defendant in possession, at the time the suit is commenced ; and, failing in this, the defendant will recover his costs.—Vt. Stat. R. L. p. 85.—7 T. R. 327.—1 Bos. & Pul. 573.—1 Chit. Pl. 191.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—It appears by the Bill of exceptions in this case, that the plaintiffs having a demand against Gibson, one of the defendants, attached, and, afterwards, levied upon Gibson's equity of redemption of the premises in question, he having before mortgaged the same to one Ira Stewart. The plaintiffs claiming under this levy, the defendants object to it as irregular, it being not a levy

Addison,
January,
1833.

Collins & al.
vs.
Gibson & al.

upon the land, but upon the equity of redemption in the same. The debt of the plaintiffs was so large, it swallowed up the whole equity of redemption of Gibson. There was, therefore, no need of such a description as would have been necessary, if the levy had left Gibson an interest remaining there. In such case, the levy must have been made upon some given undivided portion of the whole premises, one fifth &c. leaving, perhaps, an undivided fifth still belonging to Gibson. But as the debt of the plaintiffs took all Gibson's right, and as the plaintiffs could not hold at all against Stewart, but their levy gave them the right to redeem from Stewart's mortgage, and, when such redemption was made the whole title would be in the plaintiffs. This levy upon all the defendants equity of redemption is good under our statutes. See pages 80 and 216. The cases of *Paine* vs, *Webster* and *Hathaway and Burt* vs. *Stoddard,* cited by the defendants' counsel have no application upon this point. In both these cases, the levy upon all the debtor's right &c. was adjudged ill. But there was no way of ascertaining what that right or interest was, in either case ; nor did it appear what the appraisers considered it to be. There is no such difficulty in the present case. The officer's return shows, that the appraisers considered Gibson's interest to be what the records show it to be : to wit, the whole land, subject to an incumbrance, which they definitely describe. This objection to the plaintiff's levy cannot prevail.

The defendants also object to the decision against the defendant, Sargeant, holding him as in possession, notwithstanding his disclaimer. There are two answers to this objection. 1st. The case shows that there was testimony, tending to show Sargeant in possession, under the assignment of the lease, until the commencement of this suit ; also testimony of his leaving the possession some weeks before that time. It might have been decided against him upon the weight of evidence. This would be a sufficient answer, unless a decision upon the other point may have prevented a decision upon this ; which is probable. 2d. The defendants liability to this action cannot be at all affected by his moving out of this shop and occupying another, with his lease continuing in full force, and

Addison,
January,
1833.

Collins & al.
vs.
Gibson & al.

he continuing liable to pay rent. It is not very certain that his surrender of his lease would avail without an acceptance of such surrender by the lessor, or the assignor. It surely would require proof of good reasons for such surrender, to make the same, without acceptance put an end to the lease, and to his liability to pay rent. But there is nothing of this in the case. There is no surrender, nor any notice, that he was about to leave possession. The decision of the County Court, upon this point, was correct.

There was one exception taken by the plaintiffs, to a decision against them. They claimed the full amount of rents and profits; and the Court decided, that they should recover nominal damages only. Their decision upon this point was correct. Also, Stewart, the mortgagee of Gibson, has a controlling right to the rents and profits. The plaintiffs have no right against Stewart but to redeem. If they take possession, they must pay him for the rents and profits until redemption. They recover in this action merely on the ground, that their title is good against Gibson and those claiming under him. But their title is not good against these for the damages, which belong to Stewart.—To him these defendants are liable. And it does not differ the case, whether Stewart insisted upon these rents, when he took judgement, or the same were then forgotten, or whether he intended to relinquish the same. If it was a mistake, possibly he might obtain a new trial on some terms or other, and still include them in his judgement.—if he yielded them voluntarily, it was for the benefit of the defendants, not of the plaintiffs.

The plaintiffs are not liable to Stewart for the rents and profits, accruing before they obtained possession. After that they will be liable until they redeem. The case presents no date of Stewart's mortgage or judgement. But the counsel of both parties treat them as prior to the commencement of this action; but consider the time of redemption as not having expired. So we treat the subject.

The judgement of the County Court is affirmed.

*Doolittle*, for the defendant.

*O. Seymour*, for the plaintiff.