SERENUS SWIFT *v.* JOHN DEAN, JAMES CURTIS and LYMAN COBB.

The levy of an execution upon a portion of mortgaged premises, described by metes and bounds, is void.

The tenant may dispute the title of his landlord, by showing that he was induced to acknowledge the tenancy under a misapprehension of the landlord's title, and that he was, at the time of such acknowledgment, in possession of the premises, as tenant to another.

EJECTMENT. Plea general issue, and trial by jury.

The plaintiff claimed title to the premises by virtue of a deed, dated June 13, 1834, from Noah Smith, who derived his title under a levy, on the 11th of June, 1834, of an execution in his favor, against Thomas Dunton and Christopher W. Fenton. The premises were described in the levy as being incumbered by four several mortgages, the amount of which was not stated, and a portion of the whole land mortgaged appraised and set off by metes and bounds, subject to said mortgages. The defendants were in possession at the date of the plaintiff's writ.

On the trial in the county court, the plaintiff offered the levy aforesaid in evidence, to which the defendants objected, and it was rejected by the court.

The plaintiff further offered testimony tending to prove that the defendant, Dean, occupied the premises as plaintiff's tenant, with other testimony, tending to show that the two defendants, Curtis and Cobb, occupied under said Dean.

The defendants then offered, as evidence to protect them in their possession against the plaintiff, a mortgage of the premises from the said Dunton and Fenton to John Underhill, Silas Sutherland, Robert Bloomer, Swift Vanderlip and John Petty, dated February 28, 1833, together with a lease or writing under seal, dated June 9, 1834, signed by said Underhill, Bloomer and Vanderlip, three of said mortgagees, authorizing the defendant, Dean, to take and keep possession of said mortgaged premises, at a rent thereafter to be stipulated, during the will of the said mortgagees, the possession to be surrendered on thirty days' notice from them. This evidence was objected to by the plaintiff, but was admitted by the court. There was also evidence tending to prove that, in the spring of 1834, it was agreed by said Dunton and said

Noah Smith and the said mortgagees, that said Dean should take a lease from said mortgagees and go into possession of the premises, and that the proceeds of said premises, after deducting expenses, should be applied to the payment of the debts secured by said mortgage, and that such lease was executed in pursuance of said agreement, and that said Dean took possession under it, with the consent of said Dunton and Smith.

The court instructed the jury that if they found the relation of landlord and tenant between the plaintiff and defendant not proved, they need inquire no further, as the plaintiff had shown no title, but that, if they found otherwise, they would examine into the defendant's title, and if they found the writing purporting to be a lease from the said Underhill, Bloomer and Vanderlip, to the the said Dean, was executed by them, and the said mortgage was executed by the said Dunton & Fenton to the said Underhill, Bloomer, Sutherland, Vanderlip and Petty, and that it was agreed, in the spring of 1834, by Dunton and Smith and the mortgagees, that Dean should take the lease from the mortgagees on the 9th day of June, 1834, and go into possession of the premises, and that the proceeds, after paying the expenses, should be applied in payment of the debts mentioned in the mortgage, and in pursuance of such agreement the lease was executed, and Dean went into possession, with the consent of Dunton and Smith, the defendants might protect themselves under said conveyance and lease, and the jury should find their verdict for the defendants.

The jury found a verdict for the defendants, and the plaintiff excepted.

*S. Swift, pro se,* insisted;

I. That the defects in the levy, if any, were cured by the statutes of 1835 and 1837, and

II. That the defendants were tenants of the plaintiff and estopped to deny his title.

*Sargeant & Miner,* for defendants.

I. There are two fatal defects in the levy.

1. The amount of the mortgages was not stated.   Comp. stat. 216.   2 Swift's Dig. 182.

2. The levy should have been upon an aliquot part of the debtor's interest in the premises, and not upon a portion de-

scribed by metes and bounds.   3 Conn. R. 211.   2 Day's R. 142.   *Smith* v. *Benson,* 9 Vt. R. 138.

II. The relation of landlord and tenant did not exist between the plaintiff and defendants.   On the contrary, the defendants claimed under the lease, and were the tenants of Underhill and others.

The opinion of the court was delivered by

REDFIELD, J.—In this case the plaintiff relied upon the levy of an execution in favor of *Noah Smith* v. *Dunton &
Fenton* as the basis of his title to the premises sued for.— That levy was, by the court below, decided to be wholly void, and there is no doubt the decision was sound.   The levy of an execution upon the equity of redemption in mortgaged premises, if upon any portion less than the whole, must be upon an aliquot proportion of the whole, and not upon a part described by metes and bounds.   *Collins* v. *Gibson,* 5 Vt. R. 243   *Smith* v. *Benson,* 9 Vt. R. 138.

Such levy is absolutely void.   It is questionable whether such a defect would be cured by either of the statutes in this state in relation to defective levies upon real estate.   It is quite certain that neither of these statutes can affect the present case. The statute of 1835 cures defects in those cases only where the creditor is in possession of the land levied upon, which is not the present case, and that of 1837 will not aid the plaintiff, because the term of two years from the passing of the act had not expired at the time of the trial in the court below.

The same is true of the other objection to this levy.   The amount of the mortgages is no where stated in the levy.— This is expressly required by statute, and would seem to be an indispensable prerequisite to the passing of the title.

The levy being rejected, the other testimony, by which the plaintiff attempted to show that the defendants had acknowledged themselves tenants under him, as it had express reference to his title under the levy, should also have been rejected. For it will hardly be allowed, when the debtor has a tenant in possession of land upon which his creditor levies, and the tenant promises to pay rent to the creditor upon condition of his having obtained the title to the land, that, when the levy proves void, the creditor may still put out the tenant of the debtor upon the force of this acknowledgment of tenancy. This would be extending the doctrine of tenants' estoppel

from denying the landlord's title to a fraudulent, and almost to a ludicrous extent. It has long been settled, that where the landlord's title has expired, the tenant may, on that ground, defend in ejectment. I take it the reason of that rule is, that the tenant's obligation is thereby transferred to the real owner of the land, and it becomes indispensable to the right, of all concerned, that the former landlord should not interpose between the tenant and his rightful landlord. The same reason applies with greater force to the present case.— 2 Stark. Ev. 533, and notes. *England* v. *Slade*, 6 Term R. 682. Doe, ex dem. of *Jackson* v. *Ramsbotham*, 3 M. & S. R. 516, reported in 12 Petersdorff, 37. The case is still stronger where the tenancy has been acknowledged, or rent paid under mutual misapprehension, or, what is sometimes the case, misrepresentation of the landlord's title. In such cases, it has been decided that the tenant is not estopped to show the facts in his defence. *Rogers* v. *Pitcher*, 1 Marsh's R. 541, abridged in 12 Petersdorff, 38, reported also in 1 Com. Law R. 355. The last case was very similar to the one under consideration. The plaintiff, then, made out no case against the defendants, and the county court should have directed a verdict against him. It therefore becomes unnecessary to consider the other parts of the case.

Judgment affirmed.