#### FOR THE

### COUNTY OF WINDHAM.

### FEBRUARY TERM, 1845.

---

#### PRESENT.

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD,

---

## JOSEPH STEEN AND LOVELL FARR v. ROGER WARDSWORTH.

If it do not appear from the rule of reference of a case, that the referee was required to decide the case upon strictly legal ground, nor from his report, that he intended so to decide it, his report will not be set aside, though he may have mistaken the law in his decision.

In an action for use and occupation, the defendant cannot dispute the title of his landlord, nor that of the assignee of his landlord; and he is bound to pay rent, while he occupies, to the plaintiff, though the assignment from the landlord, under which the plaintiff claims, were fraudulent and void as to the creditors of the landlord.

INDEBITATUS ASSUMPSIT for use and occupation. The action was referred, under a rule from the county court, and the referee reported, as follows.

38

Steen et al. *v.* Wardsworth.

In January, 1843, one Thompson, being in failing circumstances, made an assignment of his property, including the premises in question, to the plaintiffs, for the benefit of his creditors.  The premises in question were conveyed by a deed separate from the deed of assignment, but which referred to the deed of assignment for its terms, and which was duly acknowledged and recorded.  The defendant was in possesion of the premises, under Thompson, at the time of the assignment, and was informed by the plaintiffs that the rent would be at the rate of $75,00 *per annum ;* and the defendant paid to the plaintiffs the first quarter's rent, at that rate, and this action was brought for the rent for the two succeeding quarters.

The referee decided that the plaintiffs were entitled to recover the rent claimed, and interest.  To this decision the defendant filed exceptions in the county court, which were overruled, and judgment was rendered for the plaintiffs upon the report.  Exceptions by defendant.

*D. Kellogg,* for defendant, contended that the assignment from Thompson to the plaintiffs was inoperative and void, and that therefore the plaintiffs' title failed, and they were not entitled to recover in this action.

*Bradley & Walker,* for plaintiffs, contended that the tenant cannot dispute the title of the landlord, nor of the assignee of the landlord, and cited, to this point, *Parker et al.* v. *Manning,* 7 T. R. 537 ; *Cooke* v. *Loxley,* 5 Ib. 4 ; B. N. P. 139 ; *Balls* v. *Westwood,* 2 Campb. 11 ; *Doe* v. *Smythe,* 4 M. & S. 347 ; *Rennie* v. *Robinson,* 1 Bing. 147 ; 2 Cowen's Phil. Ev. 201, 202 ; 4 Ib. 61–63; *Tuttle* v. *Reynolds,* 1 Vt. 80 ; *Greeno* v. *Munson,* 9 Vt. 37.

The opinion of the court was delivered by

BENNETT, J.  It does not appear that the referee was required, by the rule, to decide the case upon strictly legal ground, nor, from his report, that he so intended to decide it.  In such case the report will not be set aside, though the referee may have mistaken the law. The tribunal for the trial of the cause is created by the agreement of the parties ; and they must be satisfied with the decision of a

court of their own creating, unless it appears that such court intended to decide according to law.

But we see no ground to question the correctness of the decision of the referee. In an action for use and occupation, the defendant cannot dispute the title of his landlord, nor that of the assignee of the landlord; and, while he occupied, he is bound to pay the rent. Though the assignment by Thompson were fraudulent and void as to creditors, still this would not alter the principle. The defendant has paid a part of the rent, which was to be at the rate of seventy five dollars a year, and he can be made accountable, for the balance now due, only to the plaintiffs.

The judgment of the county court is affirmed.