## CONGREGATIONAL SOCIETY IN NEWPORT v. LEONARD WALKER.

As a general rule, a tenant is not allowed, in an action of ejectment against him based upon a forfeiture of his lease, to contest the title of his landlord.

Where a religious society, in a town, executed a lease of the lot of land drawn to the right of the first settled minister in that town, and subsequently brought ejectment against the tenant, founded upon a forfeiture of the lease, and nothing was shown relative to the title of the plaintiffs to the land, it was held, that the defendant was not at liberty to object, that they had no title, or that the land was in the care of the selectmen and should have been leased by them.

In ejectment, brought by a landlord against his tenant, the jury may award to the plaintiff such sum, for rents and profits, as they think he is entitled to, from the time the defendant was wrongfully in possession to the time of trial; and, as a criterion for the estimate of those damages, they may consider the rents, which the defendant had stipulated to pay.

Where a committee of a religious society executed a lease in behalf of the society and as their agents, and the society subseqently brought an action of ejectment against the tenant, it was held, that one of the committee, who had ceased to be a member of the society, was not incompetent as a witness for the plaintiffs, by reason of his having executed the lease on the part and behalf of the society.

EJECTMENT for lot No. 28 in the first division of lands in Newport, drawn to the original right of the first settled minister. Plea, the general issue, and trial by jury,—ROYCE, J., presiding.

On trial the plaintiffs gave in evidence a lease of the demanded premises to the defendant, executed by Seymour Lane and Jonathan Frost, in behalf of the society, and by the defendant, and then offered the said Frost as a witness, for the purpose of proving the defendant's possession of the premises. The defendant objected to the witness, on the ground that he was a party to the lease; but the witness testifying, that he had been a member of the society until quite recently, but that he was not then a member, the court overruled the objection and admitted the witness. The lease contained a clause of forfeiture, in case the rent, reserved by the lease, should not be paid within sixty days after the time fixed for payment. The plaintiff, having proved the defendant in possession of the premises, gave no farther evidence. The defendant then insisted, that the statute having given the care and right of possession of such lands

to the selectmen of the town, where the lands are located, the plaintiffs were not entitled to recover, without some farther proof of title; but the court instructed the jury, that the lease was sufficient title, as against the defendant, to enable the plaintiffs to recover. Verdict for the plaintiffs, for the possession, and for the amount of rents remaining unpaid to the time of trial, as damages. Exceptions by defendant.

*T. P. Redfield* for defendant.

1. The statute having given to the selectmen of Newport the care and right of management of the lands drawn in that town to the right of the first settled minister, the assumption of title, on the part of a religious society, without law, or right, cannot be enforced, even against this defendant. Rev. St. 403, §§ 1–3. *Swift v. Dean,* 11 Vt. 325.

2. The plaintiffs cannot recover, in this action, the rents stipulated in the lease, but should resort to an action on the covenants. Such is the English practice; and we are not aware of any precedent for a different practice in this State. 2 Esp. N. P. 494. 2 Cow. 442. Our statute, enabling the plaintiff to recover " as well his damages, as the seizin and possession," was intended merely to cover and include those damages, which are recovered, under the English practice, in trespass for *mesne* profits. This action is not known, that we are aware, in this State, but assumpsit for use and occupation, and, where the lease is under seal, covenant and debt are ever resorted to, to recover rent. *Pingry v. Watkins,* 15 Vt. 479.

*J. Cooper* for plaintiffs.

1. The defendant, having acknowledged the plaintiff's title, cannot afterwards dispute it. Adams on Eject. 31. 1 Cow. 444. 6 Johns. 34. 4 Johns. 230. 1 Caine 394, 57. 4 Mumf. 437. 7 Johns. 186. 14 S. & R. 334, 335. *Abbott v. Pratt et al.,* 16 Vt. 626.

2. In the action of ejectment rents and profits are allowed to the time of trial. *Atkinson v. Burt,* 1 Aik. 329. *Strong v. Garfield,* 10 Vt. 497. *Lampson v. Sutherland,* 13 Vt. 309.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The exceptions do not present a case of any difficulty.   This appears to be nothing more than a controversy between landlord and tenant, which must be governed by the law applicable to that relation.

The plaintiffs leased a certain tract of land to the defendant, and the defendant, under them, entered into possession.   Nothing appears to create any doubt as to their right so to do ; nor has the defendant ever been molested in his possession, or called on to attorn, or pay rent, to any one else.   As far as any thing appears, the land may have been vested in a minister, duly settled, who has conveyed to the plaintiffs, and so have been appropriated to the use, for which it was granted.   It was the duty of the defendant to pay the annual rent reserved, or surrender the possession.

It has been attempted to liken this to the case of *Swift* v. *Dean,* 11 Vt. 323,—where there was a mutual mistake as to title,—and also to a case from Pennsylvania,—where taking possession under a lease under the Connecticut title was an offence and the lease could not, on that account, create the relation of landlord and tenant. We can perceive no similarity between those cases and the one under consideration, from any facts now presented.   The plaintiffs were undoubtedly entitled to a verdict.

It does not appear, that any misdirection was given to the jury, in relation to the damages.   The plaintiffs were entitled to damages from the time the *ouster* was laid in the declaration, and to the time of the trial ; and it is not alleged, that any thing more was assessed by the jury.   Under the lease the jury might award to the plaintiffs such sum for rents and profits, as they thought them entitled to, from the time the defendant was wrongfully in possession ; and, as a criterion to estimate these damages, they might consider the rents, which the defendant had stipulated to pay.

The defendant has not insisted on the objection to the admission of Mr. Frost, as a witness.   It appeared, that he acted only as agent, or trustee, for the plaintiffs, and that he had no interest whatever in the event of the suit, which was brought in the name of the principal, for whom he acted as agent.   He was therefore a competent witness in the suit.

The judgment of the county court is therefore affirmed.