Orleans County Grammar School *v.* Parker.

ORLEANS COUNTY GRAMMAR SCHOOL *v.* ERASTUS F. PARKER.

*The Acts of* 1812, 1820, 1836, *and* 1848, *incorporating schools in Orleans County, and appropriating grammar school lands, considered.  Lessor and Lessee.*

The legislature of this State, had the absolute and entire control and disposal, of the right reserved in the charters of the townships, for the use of grammar schools, for the purposes specified in the charters; and where the legislature, by an act, in 1820, incorporated a County Grammar School, in the county of Orleans, and by the act, appropriated the funds arising from the lands granted for the use of grammar schools in said county, and by a proviso in said act, expressly reserved the right of making any grant of said lands to any other grammar school, which might thereafter be incorporated in said county, and of equalizing their proceeds among the several grammar schools in the State; and the legislature in 1829, incorporated an Academy at Craftsbury in said county, and by an act in 1836, divided the lands situate in said county, between the two schools so incorporated, and by a proviso in said act, reserved the right, to any future legislature, *to alter, amend, modify, or repeal the act at pleasure; it was held,* that the right reserved in the proviso to the act of 1820, was not exhausted by the act of 1836, and that the legislature violated no rights, by subsequently altering the appropriation of the said lands.

And where an academy was organized, under the provisions of chapt. 85 *of the* Comp. Stat. at Derby, in said County of Orleans, and the legislature, by an act in 1848, divided the lands in said county, between the said County Grammar School, and said academy at Craftsbury, and the Derby Academy; and by the provisions of the act of 1848, the trustees of the several schools were to take charge of, and lease out the lands granted to each, and a certain lot, in Derby, which the defendant held by lease from the said County Grammar School, was by the act of 1848, appropriated to the use of the Derby Academy, which lot, they subsequently leased to the defendant, and he paid the rent to the Derby Academy, and declined to pay rent to the said County Grammar School under his former lease from them; in an action of ejectment, brought by the said County Grammar School to recover possession of said lot, *it was held,* that upon the passage of the act of 1848, and the lease from the Derby Academy, to the defendant, the plaintiff's title ceased, and the title of the Derby Academy, became the paramount title; and also, that the organization of the Derby Academy un-

der the provisions of said chapt. 85, was such an incorporation, as comes within the meaning and spirit of the term, as used in the proviso of the act of 1820, chartering the said Grammar School.

And *it was also held*, that when the title of the lessor is subsequently taken from him and determined, and the lease thereby at an end, the lessee, is not precluded from availing himself of the truth; and if the action against him, is covenant for the non-payment of rent, he may plead the determination of the lessor's title, before the rent accrued, in bar; but if the action be ejectment, predicated upon a forfeiture of the premises, the defendant may avail himself of the expiration of plaintiff's title subsequently to the execution of the lease, under the general issue.

EJECTMENT for certain lands in Derby, granted for the support of a county grammar school. The charter of the Orleans County Grammar School, and the several acts extending and enlarging the same, and the act of 1836, granting certain lands to Craftsbury Academy, were put into the case. The possession of the defendant was admitted, and that he sealed a lease to the plaintiffs, the 23d day of February, 1847, which lease, was also put into the case; that defendant had paid the rents, as endorsed on said lease, and no other. It also appeared, that the plaintiffs regularly organized said school under their charter, and have complied with all the requisitions of said charter, and have ever kept their school in operation.

That the Derby school or academy, under the act of 1848, passed for their benefit, which act was put into the case, procured the defendant to take a lease from them, without the knowledge or consent of the plaintiffs, and that defendant, has since paid rents under said lease, to Derby Academy. The organization of Derby Academy, was put into the case and also the lease from them to defendant.

It was admitted, that the committee appointed in the act incorporating the plaintiffs, located the school at Brownington, and that the town erected suitable buildings, at their own expense, and deeded the lands required by said act, to the county treasurer, according to the terms of the act.

It was also agreed, that if the plaintiffs are entitled to recover, that judgment is to be entered for the premises and all the rents unpaid to the plaintiffs, up to and including the rent that fell due January 1st, 1852; but if the plaintiffs are not entitled to recover, then judgment for the defendant.

XXV.        45

The County Court, for the County of Orleans, June Term, 1852,—Collamer, J., presiding,—rendered judgment for the defendant.

Exceptions by plaintiffs.

*J. Cooper* for plaintiffs.

The act of 1812, chartered two schools, one at Brownington, the other at Craftsbury, and divided the funds equally between them, and also provided, that whichever school began first, should have the funds, until the other was in operation. Acts of 1812, p. 69 and 70, § 8, 12. This grant was unconditional, and founded upon pecuniary consideration ; and by a fair construction of the bill of exceptions, the plaintiffs appear to have taken the land, by virtue of said grant. But the act of 1820, comes in, and the inquiry is, whether this act interferes with the act of 1812. We insist that it does not, inasmuch as the school was located at Brownington. Acts of 1820, p. 39 and 40 § 6, 2d proviso. In 1829, the legislature incorporated an Academy at Craftsbury, which was, and seems to be, the very institution created in 1812, and referred to in the reservation of that act.

The legislature in 1836, exercised the right of granting said lands to another school incorporated, and that was the end of the reservation. And having exercised their reserved right in 1836, that was the end of the power of the legislature to grant school funds, or funds arising from lands granted to grammar schools in Orleans County. Acts of 1836, p. 149. These several grants were all made so far as the plaintiffs are concerned, upon good and pecuniary considerations ; that is, Brownington paid for the privilege of the school, and the grants were absolute, and came to being in 1836, without any reservation or right in the legislature, to control the funds or give them away again, nor could they impair the right, or in any way interfere therewith, *Caledonia County Grammar School* v. *Burt,* 11 Vt. 632. *Herrick* v. *Randolph,* 13 Vt. 525.

The act of 1838 is void ; because, by the reservation in the act of 1820, the legislature can only grant funds or lands, to any school thereafter to be *incorporated.* And the Derby Academy is not incorporated, nor is it a chartered institution.

The act authorizing associations of this kind, does not declare

such associations to be incorporated, or that they shall have perpetual succession. It gives them corporate powers, but no one, not even the Derby Academy, or the legislature, supposed they had perpetual succession, as is contemplated in the act of 1820, by *incorporating* a school to take the funds. Comp. Stat. 499. This defendant cannot resist a recovery by force of the act of 1848. It is evident, the act contemplates no such thing.

The defendant is estopped to deny the plaintiffs title, being their tenant, and that relation never having been dissolved, nor any notice from defendant that he repudiated the lease. 1 Vt. 80. 8 Vt. 445. 9 Vt. 37. 11 Vt. 323.

*Peck & Colby* and *J. L. Edwards* for defendant.

Previous to the grant to Derby Academy, that institution had become a duly incorporated school under the provisions of chap. 85, Comp. Stat., and could take and hold, any real estate exclusively devoted to promote the object of education. Comp. Stat. chap. 85 § 9. The act of 1848, granting to Derby Academy certain lands, created the trustees of that school a corporation, if they were not one before. *Commissioners of Bath* v. *Boyd*, 1 Iredell, 194. *Russell* v. *Devon*, 2 Term 672. *Stebbins* v. *Jennings*, 10 Pick. 188. *North Hempstead* v. *Hempstead*, 2 Wend. 134. *Lord* v. *Bigelow et al.*, 8 Vt. 445–461. *Propagation Society* v. *Clark et al.*, 4 Peters 480. 2 Blackstone's Com. 475 and notes. 2 Kent's Com. 276.

It is a general fundamental principle, that when a right is given, all powers necessary to the exercise and enjoyment of that right, are also given. 1 Kent's Com. 464. 5 Barber Sup. Ch. R. 9. The act of 1848, is within the reservation, in the act of 1820; and is good under both clauses of that reservation, either as a grant, "To other grammar schools in Orleans County, or as equalizing and dividing the proceeds of grammar school lands among the several schools in the State," and the legislature is sole arbiter of such division. Per COLLAMER, J., in 11 Vt. 632. *Trustees Or. Co. Gr. School* v. *Dodge*, Brayton 223.

2. The reservation in the plaintiffs' charter, acts of 1820, is equivalent to retaining entire control in the legislature, over the grammar school right; and whatever may have been the uses, to which they are re-granted, plaintiffs are ousted, and cannot inquire

into it. The legislature have withdrawn these rights from the plaintiffs, as they had the right to do, and that disposes of this action.

The opinion of the court was delivered by

BENNETT, J. This is an action of ejectment, to recover what is called a school lot, situated in the town of Derby, in the county of Orleans.

It seems, that in February, 1847, the Orleans County Grammar School gave this defendant, a durable lease, (that is, as long as wood grows and water flows,) of this lot, upon the payment of an annual rent, on the first day of January in each successive year, the first payment to be made the first of January, 1848. The lease also provides, that in case there shall be a failure to pay the rent for the space of sixty days after any one payment shall have become due, the lease shall become null and void; and a right of re-entry, is also given to the plaintiffs. The defendant went into possession under the lease, and the last payment of rent endorsed on the lease, was the 29th day of March, 1849; since which none has been paid.

The writ in this case, issued in December, 1851, and the defendant's possession, was admitted on the trial, and the question is, is the plaintiffs' right to recover, defeated by the facts reported in the bill of exceptions? Unless so defeated, the plaintiffs are entitled to their action. The Derby Academy, under the act of 1848, which is part of the case, procured the defendant, to take a lease from them of the same lot; but, without the consent or knowledge of the plaintiffs, and the defendant has since attorned to the Derby Academy, and paid rent to them. The real controversy is of course between the two schools.

In most of the charters of the townships in this State, as well as in Derby, a right was reserved, for the use of grammar schools; and over this, the legislature, had the absolute and entire control and disposal for the purposes specified in the charter; and the question is, which of the two schools have the paramount title from the State? In 1812, the legislature passed an act, to incorporate two county grammar schools, in the County of Orleans, one to be located at Craftsbury, and the other at Brownington; and by the act, the buildings were to be erected within five years, from the passage of the act; and a proviso is added, that if either of said

towns shall, at the expiration of the five years, fail to vest in the corporations, respectively $500, in real estate, for the use and purposes of said corporations, situate in said county, then such town, shall have no benefit from said act. Though the school at Brownington was incorporated by the name of the "Orleans County Grammar School at Browington," and though the 8th section of the act provided, "that the funds arising from the lands granted to "the use of county grammar schools in said county, should be "equally divided between said corporations," yet no question can arise in this case, notwithstanding the argument of the plaintiffs' counsel, under this 8th section. The case does not show, that either town accepted of the grant, or in any way complied with the conditions attached to them; and such, we suppose was not the fact.

In 1820, an act was passed, to establish a county grammar school in the county of Orleans, at such place, as a committee appointed for that purpose should designate; and the place designated, was Brownington, and the town, complied with the conditions of the grant, and it seems, there was a due organization of the corporation; and by the 6th section of the charter, "the funds arising from "the lands granted, for the use of county grammar schools, in said "county were appropriated for the use of the 'Orleans County "Grammar School.'"

By the second proviso to section 6, the legislature expressly reserved the right, of making any grant of said lands, to any other grammar school, which might thereafter be incorporated in said county, and of *equalizing* their proceeds, among the several grammar schools in the State. As the legislature had reserved the power of a subsequent, and different disposition of the funds, the corporation took the grant, subject to the exercise of this power by the legislature, in their discretion; and certainly, they cannot complain of a breach of plighted faith, or of the "violation of the obligation of contract." By the act of 1829, incorporating "an academy at Craftsbury, in the County of Orleans;" there is no attempt to appropriate for their use, any portion of the proceeds of the school lots in the county. But by the act of 1836, the legislature, divided the school lots situated in the different towns in the county, giving the income of a portion of these, to the Orleans County Grammar School at Brownington, and the rest to the academy at Craftsbury. This was consistent with the powers reserved in the act of 1820,

chartering the " Orleans County Grammar School," and of which that corporation could not complain. It is said in argument, by the plaintiffs' counsel, that the legislature under the act of 1836, having exercised the powers reserved under the act of 1820, as to a future appropriation of the proceeds of the school lots, their powers were spent, and there was an end of the matter; but the force of this argument, is not perceived. By the proviso to the act of 1836, it is reserved to any future legislature, "*to alter, amend, modify, or repeal the act, at pleasure.*" Consequently, no rights could possibly be violated, which were acquired, by the appropriation of the income of the school lots under the act of 1836, though the legislature should thereafterwards, as they did in fact, alter the appropriation.

And by the act of 1848, the funds arising from the school lands in the County of Orleans, were divided between the Derby Academy, at Derby, the County Grammar School, at Brownington, and the Academy at Craftsbury; and the trustees of the several schools were to *take charge, and lease out* the lands granted to each, and the lot now in question was one of the lots appropriated to the use of the Derby Academy, which, as the case finds, they subsequently leased to this defendant. The result must be, that thereupon, the plaintiffs' title ceased, and the title of the Derby Academy, became the paramount title. But it is said, by plaintiffs' counsel, that the grant to the Derby Academy, under the act of 1848, *is void*, upon the ground that under the proviso of the act of 1820, making the grant to the Orleans County Grammar School, the legislature only reserved the power of making future grants, to such grammar schools, *as should be thereafter incorporated* in said county; and it is said, the Derby Academy is not so incorporated.

But we think there is no soundness in this objection. The 85th chap. of the Comp. Stat. 499 section one, provides, that any number of persons may associate together, and have all the powers of a corporation, for either of the purposes thereafter specified; one of which is to establish and maintain literary and scientific institutions. The 9th section, gives to such corporations, when organized, the ordinary powers of a corporation, and empowers them to purchase and hold, real estate, so far as is necessary, to promote the object of their association; and in July, 1845, some twelve persons organized an association, under the provisions of that statute,

and took to themselves the name of the Trustees of Derby Academy. We see no possible objection to the validity of their organization, and none has been pointed out in argument. We can have no possible doubt, but what this is such an incorporation as comes within the meaning and spirit of the term, as used in the proviso of the act of 1820, chartering the " Orleans County Grammar School." And the legislature, in the act of 1848, making an appropriation of the school lots among the county grammar schools, .fully recognized it as such. Besides, it is well settled, that in a public grant emanating from the same power, which can create a corporation, the grant itself creates, and gives to the grantees the power to take, as a corporation.

The only remaining question, relates to the right of the defendant *to dispute* the plaintiffs' title. Though it is a common principle, that the tenant cannot dispute the landlord's title, yet, he is permitted to show that it has expired; and in so doing, he does not *dispute* the title, but confesses, and avoids it, by matter *ex post facto.* 6 Coke Rep. 15 (a.) *Bradnell* v. *Roberts,* 2 Wilson 143. *Blake* v. *Foster,* 8 Term 487. *Hoperaft* v. *Keyes,* 9 Bingham 613. *Devatch* v. *Newman,* 3 Ham. (Ohio R.) 57. *Jackson* v. *Rowland,* 3 Wend. 666.

The rent which accrued under the plaintiffs' lease, while they had the title, has been paid to them, and after the *expiration* of their title, the defendant took his lease from the trustees of the Derby Academy, who then had the title, and has since paid rent to them, and is liable to pay them the rent in future. The rule, that a tenant cannot deny the title of his landlord, refers to the relation created between the parties upon the execution of the lease, and to the state of things then existing.

But when the title of the lessor is subsequently taken from him, and determined, and the lease thereby at an end, the lessee, is no longer muzzled, or precluded from availing himself of the truth. If the action is covenant, for the non-payment of rent, the lessee may plead, the determination of the lessor's title before the rent accrued, in bar. If it be ejectment, predicated upon a forfeiture of the premises, the defendant may avail himself of the *expiration* of the plaintiffs' title subsequently to the execution of the lease, under the general issue. We think the judgment of the County

Court was correct, and the judgment of that court is affirmed.

REDFIELD, CH. J., having been of counsel, in the same subject matter, involved in this suit, did not sit.