WIRES & PECK *v.* CHARLES L. NELSON, R. BATCHELDER,
A. WATERS AND L. J. GIBSON.

*Ejectment.   Mortgagor and Mortgagees.   A subsequent Mortgagee
in certain cases can recover rents and profits.   Disclaimer.*

The mortgagor is regarded in this State, after the law day, as a *quasi* tenant to
his mortgagee, and if he execute two or more successive mortgages to different
persons, he is as much estopped to deny the title of the subordinate mortgagees,
as of the first ; and his deed estops him from setting up an outstanding title in
a stranger, or of defending himself by means of that title, until he has first
*bona fide* surrendered the possession.

It is the duty of the mortgagor to surrender to either mortgagee, on notice, and if
he do not, he thereby becomes a wrong doer, and liable to pay rents and profits,
to some one of the mortgagees.

The mortgagee may recover rents and profits, by way of damages, in ejectment,
either against the mortgagor, or any one in possession, claiming title under him;
and when the prior mortgagee gives no notice, the subsequent mortgagee may
recover rents and profits from the service of his writ, or notice.

And where the mortgagor and his tenants hold in severalty, the mortgagee may
recover a joint judgment against the tenants and mortgagor, in possession of
still another portion, for the rents and profits of the whole, if the tenants who
hold in severalty do not separate in their defence, by a disclaimer.

EJECTMENT for certain premises in Burlington.   Plea, the general issue, and trial by the court.

On trial it appeared that the premises in question was a building in Church Street, in Burlington, the lower story of which was divided into two shops or stores fronting upon the street, and that the defendants, Nelson, Waters and Gibson only occupied one of these shops under lease from defendant, Batchelder.

It also appeared, that said Batchelder and one Beach, mortgaged the premises described in the declaration to the plaintiffs, by deed of August 5, 1850, with full covenants of warranty and against incumbrances ; the said deed was recorded August 10, 1850.   The mortgage was given to secure a bond executed by the said Batchelder and Beach, under date of April 15, 1850, to the plaintiffs in the penal sum of two thousand dollars, to indemnify them for signing and endorsing notes for said Batchelder.   That before the giving of the notice hereinafter mentioned, said Batchelder and Beach became indebted to the plaintiffs under said bond and mortgage,

in not less than two thousand dollars, for notes which the plaintiffs had endorsed and signed for said Batchelder, and been compelled to pay and take up with the knowledge of said Batchelder and Beach before the notice, and that no part of said indebtedness has been paid to them. Beach left the premises before giving the notice, and that Batchelder has remained in possession since the mortgage, and by his deed of March 27, 1852, executed and acknowledged in common form he leased to said Nelson a part of the premises for a term of two years from April 1, 1852, at a specified rent; that since the lease Batchelder has been in possession of all the premises, except what he leased to said Nelson. That at the last mentioned date, said Nelson sublet the portion of the premises leased of said Batchelder to said Waters, and the same day said Waters sublet to said Gibson a portion of what was leased to him by said Nelson; and Waters and Gibson have under their several leases been in possession since the leases were executed to them, paying rent from time to time, before and since the giving of said notice, upon the respective leases to them.

That on the 19th day of August, 1852, the plaintiffs notified the defendants that they were mortgagees of the premises, and that the condition of their mortgage had been broken, and requested them to surrender to them, the plaintiffs, the premises forthwith. That the defendants refusing to surrender, the plaintiffs afterwards brought this suit, and claim to recover seizen and possession of the premises, also the rents and profits thereof since said notice.

It also appeared, that prior to the execution of the mortgage to the plaintiffs, said Batchelder executed a mortgage of the premises to one T. R. Fletcher, and one to B. Tousley, to secure debts due them respectively, which are outstanding; and the condition of each of the two mortgages last mentioned, was broken when said notice was given. That the amount of the Fletcher mortgage is not less than $1400, and that of Tousley not less than $500; and neither Fletcher or Tousley or any one under either of them has notified or required either of the defendants to pay to him, or account to him for the rents or profits of the premises, or to surrender possession thereof, nor has either of the defendants attorned to said Fletcher or Tousley or either of them.

The defendants claimed that the plaintiffs were not entitled to

recover rents and profits ; and that if so entitled the judgment for possession against Nelson, Waters and Gibson, should only be for the portion of the premises so occupied by them as aforesaid, and for the rents of that portion of the premises only.

The County Court, March Term, 1853—PECK, J,. presiding —rendered judgment for the plaintiffs against all the defendants jointly for the whole premises, and the rents and profits of the whole from the giving of notice by the plaintiffs till the time of trial.

To this decision the defendants excepted.

*Phelps & Chittenden* for defendants.

I. The plaintiffs being third mortgagees, and both the previous mortgages being outstanding and absolute, are not entitled to recover rents and profits. It is universally held, except in Vermont, that even the first mortgagee is not entitled to rents or *mesne* profits, until entry or judgment of foreclosure. 15 Mass. 268. 1 Pick. 87. 19 Pick. 525. 25 Pick. 341. 6 Barbour, 133. 8 Pick. 459. 5 Carr. 556. 1 Eng. Law & Equity, 460. 2 Eng. Law & Equity, 342. And such is clearly the result of the general principles applicable.

In this State, a different rule has been applied in favor of the first mortgagee, against the assignees of the mortgagor; but has never been, and certainly never ought to be extended to them. *Atherton* v. *Bank*, 1 Ohio 329. And in the case of *Collins* v. *Gibson et al.*, 5 Vt. 243, it was held that a second mortgagee under these circumstances could not recover rents.

In the case of *Catlin* v. *Ferris et al.*, tried before Judge BENNETT, in Franklin County, the same decision was made and acquiesced in by Mr. Smalley for the plaintiff.

The recovery of rents and profits in ejectment, takes the place in this State of the action of trespass for *mesne* profits, which is an equitable action and subject to equitable defence. *Murray* v. *Gouveneur*, 2 Johns, Ca. 438.

II. If the lessees are liable for rents at all, it is only in respect of the portion of the premises which they occupied. The plea of the general issue, puts the plaintiff upon proof of defendant's possession.

*Stevens* v. *Griffith et al.,* 3 Vt. 448.  And for the purposes of this question no disclaimer was necessary.

The lessees are liable, if at all, not as trespassers for damages, but as tenants for rent, due the plaintiffs under their notice to that effect.  If they could even be regarded as trespassers, the notice was a waiver and affirmed and authorized their tenancy.

The disclaimer is a statute plea, for a special purpose having no similar effect at common law, and applies to the question of title, not that of rent.

*W. W. Peck* and *Underwood & Hard* for plaintiffs.

The mortgagor and those who claim under him are estopped by the covenants in the deed, from setting up an older title in a prior mortgage.

The defendant, Batchelder, deeded the premises in question to the plaintiffs, and covenanted that they were free and clear of all incumbrance, and the other defendants hold by a lease from Batchelder executed subsequently ; and they cannot set up a prior incumbrance to defeat the plaintiff's title.

The defendants plead jointly not guilty, and none of them made any disclaimer, and the judgment against them all jointly was proper.  *Marshall* v. *Wood,* 5 Vt. 250.

When there is a prior mortgage, any subsequent mortgagee may enjoy the security till the prior creditor claims it.  *Otherwise,* they would be lost to both creditors.  *Stanbury* v. *Dean,* Brayt. 166. *Atkinson* v. *Burt et al.,* 1 Aik. 329.  *Babcock* v. *Kennedy,* 1 Vt. 457.  *Lyman* v. *Mower et al.,* 6 Vt. 345.

The opinion of the court was delivered by

REDFIELD, Ch. J.  This is an action of ejectment in favor of a subsequent mortgagee, against the mortgagor and his tenants of a portion of the premises in severalty.  The mortgagor is regarded in this State, after the law day, as a *quasi* tenant to his mortgagee, and we are not aware, that it has ever been doubted, that if he executes two, or more successive mortgages, to different persons, he is as much estopped to deny the title of the subordinate mortgagees, as of the first.  His deed stops him from denying the title of either, or setting up an outstanding title in a stranger, or of defending himself by means of that title, until he has first *bona fide*

surrendered the possession.  *Reed, Admr.* v. *Shepley,* 6 Vt. 602.
*Greeno* v. *Munson,* 9 Vt. 37.

This question has long been considered as settled in this State.
There is, in fact, no such title in the first mortgagee, as to defeat
the subsequent one's right of recovery in ejectment, against the
mortgagor, and his tenants, and if there was, the mortgagor is
estopped from setting it up against his own mortgagee.  It is the
duty of the mortgagor to surrender to either, on notice, and if he
do not, he thereby becomes a wrong doer, and liable to pay rents
and profits, to some one of the mortgagees upon general principles.

II.  A question is made here, whether the rents and profits can
be recovered, by a subordinate mortgagee.  Upon principle it
would seem, that it should be so.  His title is good against the
mortgagor, his assignee, or tenants.  And aside from the question
of the prior mortgages, it has been held, that he may recover *mesne*
profits of the assignee of the mortgagor.  *Atkinson* v. *Burt et al.,*
1 Aikens, 329 ; also against his tenants.  *Babcock* v. *Kennedy,* 1
Vt. 457.  This must be the same, as a recovery against the mort-
gagor himself.  And accordingly it has been regarded as settled,
since the case in Aikens' R., that the mortgagee may recover rents
and profits, by way of damages in ejectment, either against the
mortgagor, or any one in possession, claiming title under him.
And we think upon general principles, the right to recover the
premises and hold the use, which seems to be accorded to the sub-
ordinate mortgagee, involves virtually the right to recover rents
and profits, from the time notice is given to the mortgagor.  It
would be very unreasonable if it were not so, since confessedly the
subordinate mortgagee is ordinarily, the only one in interest in the
question.  The prior mortgagees, not moving, are presumed to be
fully secured, and to have no interest in securing the rents.  The
last mortgagee, whether he intend to redeem or not, is then the on-
ly one in interest in the rents.  It is admitted on all hands, that
the mortgagor has no right to withold them from the mortgagees.  If
no suit is brought, or notice given by the prior mortgagees to the
mortgagor to pay rents to them, as in this case, it is certain *they* can-
not recover them, and if a recovery is denied to the plaintiff here, the
mortgagor retains them himself, in spite of the only one interested to
recover them.  And if the first mortgagee takes them at any time
to himself, that is the same thing to the last mortgagee, as if he

had them himself, since they are thus made to go to reduce the burden upon the land, and virtually to enure to the ultimate benefit of all the mortgagees. But if the prior mortgagee, make no such claim, then, if the last mortgagee brings suit, and is entitled to recover, in ejectment, he must by the statute recover rents and profits, unless in some way they are secured to another, or are held as in *Collins* v. *Gibson,* 5 Vt. 243. That was the only ground upon which the recovery was denied them. But in that case the second suit was brought after the first mortgagee had recovered a judgment, and within one month of the time of the expiration of the time of redemption, and the court very properly held, that the right to *mesne* profits was secured to the first mortgagee, from the time of bringing his suit, which we are not inclined to question. And perhaps even notice to the mortgagor to pay rents would have the same effect. But when no notice is given, as in the present case, we think the subsequent mortgagee may recover rents and profits, from the service of his writ, or notice. But whether if the first mortgagee waives his claim for rents and profits, the subsequent mortgagee, having given notice for the same time, may not recover them, it is not necessary to decide. After the judgment, and while the time of redemption was running, clearly, the first mortgagee might have enforced his right to rents and profits, which was really the only question decided by the court, in that case.

III. But it is claimed he cannot in a case where the tenants of the mortgagor hold in severalty, recover a joint judgment against them and the mortgagor, in possession of still another portion for the rents and profits of the whole. This may not be strictly just. But since the statute provides in express terms for tenants who hold in severalty to separate in their defence, by a disclaimer, and thus compel the plaintiff to take separate judgments against them, it has been held, that when they omit to sever in this mode, they must stand or fall together.

Judgment affirmed.