## LOUIS C. DE WOLF *et ux. vs.* OWEN MARTIN.

A tenant cannot dispute his landlord's title, after accepting a demise from him. A tenant may, however, attack the validity of a transfer made by the landlord of his title to a third person, notwithstanding the tenant may have paid rent to such third person, or have agreed to hold under such third person, if the payment or agreement were made in misapprehension as to the title.

A conveyance without consideration is not invalid, unless made in insolvency or in fraud of creditors.

A sealed indenture of lease executed by a married woman without her husband is void as to all parties to it.

Estoppels to be valid must be mutual.

EXCEPTIONS to a Special Court of Common Pleas.

*February* 21, 1880. MATTESON, J. This is an action of trespass and ejectment to recover possession of an estate let. The defendant originally entered into possession of the premises under one John Morris, trustee, and continued in the occupation of them down to the bringing of this suit. At some time prior to April 4, 1878, he paid rent to the plaintiff, Mrs. De Wolf, as her tenant, and on that date he took from her a lease of the premises in form an indenture executed by Martin and Mrs. De Wolf, but not by her husband. The rent reserved in this lease was paid by the defendant down to November 1, 1878. At the trial the defendant testified that he paid rent to Mrs. De Wolf, believing her to be the owner of the property, and he offered to show that the premises were conveyed to her by her husband, through a third person, without consideration. He also offered in evidence a deed of the premises to himself from one Benedict, a deputy sheriff, dated January 13, 1879, purporting to convey to him all the right, title, and interest of the plaintiff, Louis C. De Wolf, in the premises on April 6, 1878, the date of the levy thereon of an execution against him in favor of George T. Dana & Co. These offers the court refused, assigning as a reason for excluding the deed, that a tenant could not dispute the title of his landlord. The defendant thereupon excepted.

It is clear that the so-called lease, though in form an indenture and executed by the defendant, could not operate as an estoppel. To create an estoppel by lease both parties must be *sui juris*, since it is essential to the validity of an estoppel that it be mutual. 1 Inst. 352 (*a*) ; *Welland Canal Co.* v. *Hathaway*, 8 Wend.

480, 484 ; *Bolling* v. *Mayor, &c. of Petersburg*, 3 Rand. 563, 576. As the husband of Mrs. De Wolf did not join the lease, it was absolutely void. It did not bind her and consequently did not bind the defendant.

The principle that a tenant cannot impeach his landlord's title, or set up a title in himself acquired during the tenancy inconsistent with the title of his landlord, which he has admitted by accepting the demise, is undoubted. It does not, however, preclude him from availing himself of any defence consistent with such admission. If the landlord has transferred his interest in the premises, the tenant, though estopped to deny the title of the landlord from whom he received possession, may still show that the transfer was invalid and passed no title to the claimant. *Carvick* v. *Blagrave*, 1 Brod. & B. 531 ; *Phillips* v. *Pearce*, 5 B. & C. 433 ; *Funk's Lessee* v. *Kincaid*, 5 Md. 404 ; *Despard* v. *Walbridge*, 15 N. Y. 374. And this, too, notwithstanding he has paid rent to the claimant, or made an express agreement to become his tenant, if such payment, or agreement, were made in ignorance of, or under a mistake or misapprehension as to the title. *Rogers* v. *Pitcher*, 6 Taunt. 202 ; *Gravenor* v. *Woodhouse*, 1 Bing. 38, 43 ; 7 Moore, 289 ; *Fennor* v. *Duplock*, 2 Bing. 10 ; *Gregory* v. *Doidge*, 3 Bing. 474 ; *Brook* v. *Biggs*, 2 Bing. N. C. 572 ; *Claridge* v. *McKenzie*, 4 Scott N. R. 796 ; *Washington* v. *Conrad*, 2 Humph. 562 ; *Doe d. Shelton* v. *Carrol*, 16 Ala. 148 ; *Swift* v. *Dean*, 11 Vt. 323 ; *Ingraham* v. *Baldwin*, 9 N. Y. 45, 47. The defendant, having received possession of the premises from John Morris, trustee, and not from Mrs. De Wolf, had the right to dispute her title, although he had paid rent to her, if the payment was, as alleged, under the *mistaken* belief that she owned the property. The deed and testimony offered tended to show that she had no title, but they were not sufficient to establish that fact. It was not enough to avoid the conveyance to Mrs. De Wolf to show that it was without consideration. It must also have appeared, that it was made with intent to hinder, delay, or defraud creditors, or that her husband was insolvent. There was no offer to prove, nor does the record disclose, any such fact. Though the court erred in the reason assigned, the testimony was properly excluded. The exceptions must therefore be overruled and the judgment

of the special Court of Common Pleas for possession and costs affirmed, with additional costs of this court.

*Exceptions overruled.*

*B. B. Hammond & Arthur L. Brown*, for plaintiff.
*John Chorlton* for defendant.