## NELLIE A. DERRICK *v.* JOHN LUDDY, AP'T.

*Tenant cannot dispute landlord's title.    Payment of rent and occupation raises promise to pay further.*

1.  As a general rule the tenant cannot dispute his landlord's title, and the same rule applies to an assignee of the tenant.

2.  In an action for the recovery of rent the tenant who seeks to deny the title of his landlord must show that the case falls within some exception to the general rule.

3.  If the tenant recognizes the title of his landlord and pays him rent, that fact raises a promise between the parties upon which an action in general assumpsit will lie.

General assumpsit. Heard at the December term, 1891, Taft, J., presiding, upon the report of a referee. Judgment for the plaintiff. The defendant excepts.

The plaintiff claimed to recover the amount of rent due under certain perpetual leases. It appeared that the defendant bought the premises January 1, 1883, from one John A. Green, and the plaintiff introduced the deed from Green to the defendant, which contained the following clause :

" The said premises are subject to a lien of a certain annual land rent of twenty dollars, payable to Nellie Derrick, and are conveyed subject to the same." On the same day the defendant and wife signed a mortgage to Green containing this clause ; " Except a certain annual land rent of twenty dollars payable to Nellie Derrick."

The defendant objected to the admission of these deeds as immaterial and for the reason that rent reserved in a sealed instrument cannot be recovered in an action of assumpsit.

The referee found that Green paid the plaintiff rent while he occupied the premises and that the defendant also paid her the rent specified until 1886.

*Sheldon & Cushman,* for the defendant.

Assumpsit will not lie for rent accruing under an instrument under seal. *Gaye* v. *Smith,* 14 Me. 466 ; *Blume* v. *McClurken,* 10 Watts, 388 ; 1 Chitty Pl. 106 n. 7 ; *Camp* v. *Barber et al,* 21 Vt. 471 ; *Myrick* v. *Slason,* 19 Vt. 126.

The recitals in the deed from Green to defendant and in the mortgage from defendant. to Green cannot avail the defendant as an estoppel. *Wright* v. *Hazen* and *Gordon,* 24 Vt. 145 ; Her. Estop., s. 213, p. 233-4 ; *Carter* v. *Carter,* 3 K. & J. 745 ; *Carpenter* v. *Bullen,* 8 M. & W. 212.

*Batchelder & Barber,* for the plaintiff.

The defendant cannot dispute the title of his landlord. *Greene* v. *Munson,* 9 Vt. 37 ; Rob. Dig. p. 434 and cases cited ; *Townshend* v. *Estate of Downes,* 32 Vt. 184 ; *Sellick* v. *Starr,* 5 Vt. 255.

The opinion of the court was delivered by

THOMPSON, J. The referee in effect finds that Weir and Green, the defendant's immediate predecessors in his chain of title, held the farm occupied by him, as tenants of the plaintiff, attorning to her therefor by the payment of an annual rent of $20 while they owned it. Greene. in his deed to the defendant, dated January 1, 1883, admits that he so holds the premises in question, and declares that the defendant is to take the same charged with the same duties and relations by inserting in the deed this clause : " The said premises are subject to the lien of a certain annual rent of twenty dollars, payable to Nellie Derrick, and are conveyed subject to the same." The defendant has no title to the premises except such as he derives by virtue of this deed from Green. After taking the conveyance with full knowledge that the premises were thus charged with this rent burden

to the plaintiff, the defendant from that time, until 1886, recognized and acknowledged the plaintiff as his landlord, by attorning to her and paying her rent, *eo nomine,* to the last named year.

We think that these findings preclude the defendant from disputing the plaintiff's title as his landlord and his liability to pay her rent during the time covered by this suit. It is well settled as a general rule, that the tenant shall not be permitted to dispute his landlord's title until the tenant has surrendered the possession of the premises to him. This rule applies to the assignee of the lessee as well as to the lessee himself; and the assignee is bound by his assignor's acknowledgment of his tenancy of the premises. *Tuttle* v. *Reynolds,* 1 Vt. 80 ; *Reed* v. *Shepley,* 6 Vt. 602; *Greeno* v. *Munson,* 9 Vt. 37 ; *Hall* v. *Dewey,* 10 Vt. 593 ; *Steen* v. *Wardsworth,* 17 Vt. 297 ; *Wires* v. *Nelson,* 26 Vt. 13 ; *Robinson* v. *Johnson,* 36 Vt. 69 ; *Stacy* v. *Bostwick,* 48 Vt. 192 ; *Jamaica* v. *Hart,* 52 Vt. 549 ; *Stott* v. *Rutherford,* 92 U. S. 107 ; L. Ed. 23 Book 486 ; Taylor's Land. & Ten. (5th Ed.) ss. 705-707.

To this rule there are some exceptions. For instance, the tenant may show that the landlord's title has expired, or that the payment of rent or other act by which he has acknowledged it, was induced by fraud, or a mutual misapprehension, or by misrepresentation of the landlord's title. *Swift* v. *Dean,* 11 Vt. 323 ; *Orleans Co. Gram. School* v. *Parker,* 25 Vt. 703. But where the relation of landlord and tenant has been recognized and acknowledged by the tenant, the burden is upon him, in an action for the rent or to recover the possession of the premises, to establish that the case falls within some exception of the general rule stated, if he would avail himself of the right accorded him by such exception, to dispute his landlord's title. This the defendant has wholly failed to do in the case at bar. From the facts reported there can be no doubt that one consideration for the deed from Green to the defendant was, that the latter should pay an annual rent of $20 to the plaintiff. He does not show

nor claim that there was any fraud, or misrepresentation by any one, or any misaprehension on his own part, as to the plaintiff's right to have and demand the rent in question, by which he was led to attorn to her and acknowledge himself her tenant. Nor does he claim that any other person has a title superior to hers. He simply says, " I do not know whether she is my landlord or not."

II. By attorning to the plaintiff, the defendant in legal effect said to her, " I acknowledge that these premises belong to you, and that I am occupying them as your tenant at a rental of $20 a year, to be paid at a specified time." This was equivalent in law to his saying, " I request you to let me occupy your premises and in consideration thereof, I promise to pay you a rent of $20 a year on a specified day." In other words from the facts found, the law implies a promise by the defendant to the plaintiff to pay her the rent involved in this suit. For the recovery of it, this action will lie.

Under this view of the case, the defendant has failed to point out in his brief any substantial error in the admission of testimony, and we fail to find any.

*Judgment affirmed.*