STEPHEN A. GREENO *v.* MUNSON & MUNSON.

Chittenden,
January,
1837.

Greeno
*v.*
Munson &
Munson.

The tenant cannot dispute the title of his landlord, until he has first *bona fide* surrendered his possession.

The same doctrine extends to mortgagor and mortgagee, trustee and *cestui que trust*, vendor and vendee, and to all other cases, where one is in possession of lands, acknowledging the title of another.

But if the person in possession of lands, under such relation, repudiate the contract, and give the one, under whom he went into possession, notice that he shall no longer hold under him, the relation ceases, the possession becomes adverse, and the statute of limitations begins to run.

But in no other way, can the person in possession of lands, under such relation, ever acquire title against him, under whom he went into possession.

THIS was an action of ejectment for lands, tried on the general issue, before a jury. The land was described as lot No. 4, in the township of Colchester. The plaintiff claimed to recover fifty two and a half acres off of the east end of the lot.

It appeared in evidence, that more than thirty years since, one Benjamin Boardman was in possession of the land in question, under deed, by the name of the Winslow Pitch, and, that at that time, plaintiff's father, Thomas Greeno, went into possession of the same, under contract of sale of said Boardman's title to him. That afterwards, in 1804, said Boardman deeded to said Thomas Greeno, thirty two acres of said pitch, and, in the year 1811, deeded the remainder to William Munson, whose title is held by defendants. In the year 1834, Thomas Greeno, deeded the thirty two acres to plaintiff. The plaintiff and his father have continued to occupy the whole Winslow pitch, of fifty four acres, until very recently, when the defendants entered into possession of the part deeded to Wm. Munson, and are still in possession of the same, claiming to hold it adversely to plaintiff.

Upon this state of the case, the County Court directed a verdict for defendants, to which decision the plaintiff excepted.

*Maeck & Whittemore, for plaintiff,*—Contended, 1. That the court ought to have instructed the jury, that they might presume a deed to plaintiff's father, from the lapse of thirty-five years, especially, when it appears that he went into possession under a contract to purchase. Such a possession can never be construed as a tenancy, but it is the very case in which a deed ought to be presumed.

2. The plaintiff was protected by the statute of limitations.

Chittenden,
January,
1837.

Greeno
v.
Munson and
Munson.

He and those, under whom he claimed, had occupied the premises, in question, more than thirty-five years, and gave evidence to prove that they had claimed the land adversely to all others, during the whole period, and the court should have charged the jury, that the statute made, in such a case, a good title in the plaintiff.

The plaintiff is not estopped to claim by possession, in consequence of taking the deed of 1804. That deed contains no recital of title in Boardman to the remainder of the lot. It admits his title to the thirty-two acres, and nothing further. How then, can his acceptance of the deed, estop him to claim the remainder of the lot by adverse possession, against Boardman or any other pretended owner? *Hazard* v. *Martin*, 2 Vt. Rep. 77.

3. After the plaintiff had given evidence of an adverse possession, asserted at the time of the deed from Boardman to Wm. Munson, the plaintiff was entitled to a charge from the court, that the deed was void under the Statute of 1807.

*C. Adams, for the defendants*,—Contended, that if Thomas Greeno went into possession simultaneously with his deed, the deed will control the extent of the possession. If he went into possession first, and without deed, he went in under Boardman, and acknowledging his title, and, without positive evidence, will not be considered as holding adverse to Boardman.

But, whether he took possession before the deed or not, is not material, as a subsequent deed is an admission of title in the grantor, and the claim of the grantee will be limited to the deed.

Possession is never presumed to be adverse, and an entry, under title, will be limited to the extent of the deed conveying the title, and a mere varying from the line, established for convenience, will not operate against the rights of the parties. *Catlin* v. *Kidder*, 7 Vt. Rep. 12. *Burrell* v. *Burrell*, 11 Mass. Rep. 294.

There is no ground, from lapse of time, to presume a deed from Boardman to Thomas Greeno. Soon after the deed to Greeno, Boardman conveyed the remainder of the lot to Munson. The deed to Greeno of August, 1804, is sufficient to explain his possession. It does not appear that the parties ascertained the exact extent of the purchase.

The pretence, that the plaintiff can hold by the statute of limitations, is without any foundation. His possession was un-

der his deed, and the extent of the possession must be controlled by the deed.

Chittonden,
January,
1837.

Greeno
v
Munson and
Munson.

It is the common case, where parties holding under their titles accidentally clear over.

There is no pretence of any adverse possession, and there is nothing, from which a jury would be permitted to infer any claim, beyond the land conveyed by deed.

As Greeno entered under Boardman, if he occupied more than his deed conveyed, he held the remainder as tenant to Boardman. *Barr* v. *Gratz*, 4 Cond. U. S. Rep. 431.

REDFIELD, J. delivered the opinion of the Court.

The case finds that Boardman went into possession of the land under deed. This possession would then extend to the whole land. When plaintiff's father went into possession under Boardman, his possession would be that of Boardman, and it would remain the possession of Boardman until Thomas Greeno received his deed of the thirty-two acres, unless he did some act to repudiate his tenancy, and thereby become a trespasser. And after the deed to himself of thirty-two acres, if he continued in possession of the remaining portion of the pitch, it would be in subordination to the title of Boardman.

The doctrine of the law of tenure, that the tenant cannot dispute the title of the landlord, is one too long established, to be now brought in question; and it is one of almost universal application. It has been repeatedly recognized by this court, in reported cases. *Tuttle* v. *Reynolds*, 1 Vt. Rep. 80. *Bowker* v. *Walker*, 1 Vt. Rep. 19.

The doctrine of the law, alluded to above, has been, by courts, extended to various other relations of tenure, not coming strictly within the definition of a tenancy. Thus, it has always been held, that the mortgagor shall not be heard to dispute the title of the mortgagee, nor the trustee of the *cestui que trust*, nor, in short, shall any one, who goes into possession of land under another, or acknowledging the title of another, be heard to dispute the title of that other, during the continuance of the relation. The same doctrine has been extended to one, who goes into possession of land, under a contract of sale.

Any on▓▓ing into possession of land under the circumstances nam▓▓ ▓annot set up any outstanding title, which he may have pu▓▓▓sed in, but must, first, *bona fide*, surrender the possession, and▓ring his action to try that title. *Blight's Lessee*

Chittenden,
January,
1837.

Greeno
v.
Munson and
Munson.

v. *Rochester*, 7 Wheaton's Rep. 535. *Willison* v. *Watkins*, 3 Peter's Rep. 43.

So that as to the twenty-two and a half acres, not included in Boardman's deed to Thomas Greeno, the possession has all along been the possession of Boardman ; and when Boardman's title had passed to defendants, they were clearly entitled to hold the land against the plaintiff.

The pretence, on the part of the plaintiff, that he had acquired title to the land, by the statute of limitations, is clearly without foundation. A possession, commenced under a contract of sale, is not an adverse possession, in any sense, nor can the vendee, or any one going in under him, whether knowing the contract of sale or not, ever acquire title, by the statute of limitations, to the land sold, until his possession has been first *bona fide* surrendered, or until he has, by some unequivocal act, repudiated the contract, and this is distinctly known to the vendor.

If, after such determination of the relation, the vendor, *cestui que trust*, mortgagee, or landlord, as the case may be, lies by without asserting any claim of title by ejecting the wrong doer, his right of entry is barred by the statute of limitations, and the title quieted in the adversary. And, in some cases, it has been held that it makes no difference, whether this disclaimer of tenure, by the one in possession, is during the existence of the lease, or other contract, or after it has expired. The unexpired term is forfeited, it is said, and the tenant is *quasi* a trespasser, and immediately liable to action of ejectment without notice to quit, and cannot protect himself in his possession, in any other way, except by title acquired by the statute of limitations. See cases last cited. There is no evidence in the present case, tending to show any such disclaimer of title.

The judgment of the County Court is affirmed.