George *v.* Putney.

PAUL R. GEORGE *vs.* JOHN PUTNEY.

Where a judgment creditor levied his execution upon real estate of his debtor, which was then under a lease for years and in the occupation of the tenant; and before the rent became due and payable, entered upon the premises, claiming title, and threatened the tenant to put him out, unless he would yield possession and attorn to such creditor; whereupon the tenant agreed in writing to hold the premises under him; it was held, that such entry and disturbance, although not an eviction, in a technical sense, were equivalent to an ouster, and that the tenant was not afterwards liable to the lessor for the rent.

THIS was an action of assumpsit for the recovery of $50, for the use and occupation of a store, under the First Freewill Baptist Meeting-house in Lowell, from the 1st of January to the 1st of April, 1847.

The defendant pleaded the general issue, and specified in

defence a paramount title to the premises in Benjamin F. Butler, Thomas Hopkinson, and Tappan Wentworth, and an eviction by them.

The case being tried in the court of common pleas, before *Wells*, C. J., it was in evidence on the part of the plaintiff, that being in possession of the premises, claiming title thereto, in the latter part of the summer of 1846, he by his agent made a parol lease or agreement with the defendant, that he should occupy the store at the rate of $50 a quarter; that the defendant accordingly entered and occupied the store from some time in September, 1846, to the 1st of January, 1847, and paid the rent to the plaintiff to that date ; and that the defendant continued to occupy the store until the 1st of April, 1847, the contract being from quarter to quarter, ending on that day, when the plaintiff's agent demanded the quarter's rent then due, which the defendant refused to pay. Upon this evidence, the plaintiff rested his case.

The defendant then proved, that Butler, Hopkinson and Wentworth, on the 29th of March, 1847, entered upon the premises claiming title, and threatened the defendant to put him out, unless he would yield the possession and attorn to them ; and the defendant thereupon gave them a writing, acknowledging that he held the premises as a tenant under them

The plaintiff objected to the admission of any evidence of title in Butler and others, inasmuch as the plaintiff had been in quiet possession, and the defendant had entered and occupied by the plaintiff's permission, and as tenant under him. But the presiding judge ruled, that the entry by Butler and others was an eviction; that if they had a better title than the plaintiff, the defendant might show it in this action; and that such title would defeat the plaintiff's claim.

The defendant thereupon proved, that on the 1st of August, 1835, the estate of which the premises in question were parcel was conveyed by the Proprietors of the Locks and Canals on Merrimack river to the plaintiff, who gave a mortgage back of the same to the grantors, to secure the payment of the sum of $7703, at the end of ten years ; and that this mortgage was duly assigned, on the 15th of March, 1844, to

Josiah B. French, who entered on the premises for condition broken on the 20th of October, 1845.

The defendant further proved, that the plaintiff, on the 26th of November, conveyed the premises to Ira Frye, who, on the 10th of October, 1836, conveyed the same to the proprietors of the First Freewill Baptist Meeting-house in Lowell; that at the October term, 1843, of this court, one Andrew J. Wiggin recovered judgment against the said proprietors and levied his execution on one undivided seventy-eighth part of the premises, which was set off to him; that at the December term, 1843, of the court of common pleas, one Jesse Swain recovered judgment against the said proprietors, and levied his execution on all their remaining right in equity in the premises, which was conveyed to him; that the said Wiggin and Swain, in February, 1846, conveyed all their interest in the premises to the said Butler and others, that Butler and others, in June, 1846, paid French the amount due on the plaintiff's mortgage of the premises to the Proprietors of the Locks and Canals, assigned to him; and that French, on the same day, acknowledged satisfaction of the mortgage on the record.

The plaintiff introduced no further evidence of title than as above stated, but relied on his possession, claiming title in virtue of an entry by Ira Frye, for the breach of sundry conditions contained in his deed of October, 1836, and a deed from Frye to the plaintiff, and his possession and contract with the defendant. But the plaintiff did not offer evidence to prove a breach of any of the said conditions; and he admitted, for the purposes of the trial, that the evidence on the part of the defendant, if admissible, which he denied, showed a *prima facie* title by record in the said Butler and others.

But the judge ruled, that the evidence was admissible; that the entry by Butler and others, on the 29th of March, 1847, was an eviction by paramount title; and directed the jury to find a verdict for the defendant, which they accordingly did.

The plaintiff thereupon alleged exceptions.

*J. P. Robinson,* for the plaintiff, cited *Binney* v. *Chapman,*

30*

5 Pick. 124 ; *Boston* v. *Binney*, 11 Pick. 1 ; *Balls* v. *Westwood*, 2 Camp. 11 ; *Watertown* v. *White*, 13 Mass. 477, 481 ; *Hill* v. *Boutell*, 3 N. H. 502 ; *Galloway* v. *Ogle*, 2 Binn. 468 ; *Cooke* v. *Loxley*, 5 T. R. 4 ; *Cobb* v. *Arnold*, 8 Met. 398, 402 ; *Cobb* v. *Arnold*, 12 Met. 39 ; *Codman* v. *Jenkins*, 14 Mass. 93.

*B. F. Butler*, for the defendant.

WILDE, J.   This was an action of assumpsit for the use and occupation of a store, which had been let by the plaintiff to the defendant by a parol lease; and the question at the trial was, whether, upon the facts proved, the plaintiff was entitled to recover.   It was ruled by the presiding judge, that he was not; and to this ruling the plaintiff excepted. In support of his exception, he relies upon the well-settled rule of law, that in an action for the recovery of rent reserved in a lease by the lessor against the lessee, the defendant is not allowed to plead *nil habuit in tenementis;* for he is estopped to deny the lessor's title, by whose permission he has entered upon and occupied the premises.   And this is not a mere technical rule, but is conformable to the contract between the parties ; for so long as the lessee is not disturbed in his occupation, he is bound by the contract to pay the rent, whether the lessor's title be defective or not.

But it is equally well settled, that if the lessee is disturbed in his occupation by a party having a title paramount to that of his lessor, so that he cannot legally continue his occupation under the lessor, without rendering himself liable as a trespasser to the other party, he may yield the possession, and take a new lease under him, or he may abandon the possession ; and in either case he will thereafter not be liable to pay rent to the original lessor.   Such an entry and disturbance are equivalent to an ouster.   And this was the defence in the present case.   It was proved that the plaintiff was divested of his title by the levy of two executions on the premises, and that the execution creditors, before the rent sued for became due and payable, entered upon the premises, claiming title, and threatened to put the defendant out, unless he would yield possession and attorn to them ; and that thereupon he did agree in writing to hold the premises under them

This evidence was ruled to be admissible, and that it was sufficient to prove an eviction by paramount title. And this ruling was, we think, substantially correct; for although it was not evidence of an eviction in its technical sense, it proved an ouster, or that which is equivalent thereto, and to an eviction under a judgment.

It seems to be well settled, that if a lessee under a defective title is disturbed by a party having a paramount title, he is not restrained by his lease from purchasing the paramount title, without the consent of his lessor, although he had not been evicted or ousted. But in such a case, to avoid liability for rent, the lessee is bound to renounce the lessor's title, and to surrender to him the possession; after which he may bring his action to try his title. No such surrender of possession was required in the present case. *Chambers* v. *Pleak*, 6 Dana, 426, 429; *Lunsford* v. *Turner*, 5 J. J. Marsh. 104; *Greno* v *Munson*, 9 Verm. 37.

So in an action for a breach of the covenant of warranty in a deed of conveyance of real estate, it has been held, that the grantee may yield possession of the granted premises to a party, having a title paramount to that conveyed to him by his grantor, and who threatens to eject him if he refuses to yield possession; for he is not obliged to involve himself in a lawsuit to defend himself against a title which he is satisfied must ultimately prevail; and on proof of such title, he may maintain an action on the covenant of warranty. *Hamilton* v. *Cutts*, 4 Mass. 349, 352.

It was argued for the plaintiff, that the title to real estate is not to be tried in an action of assumpsit. But the cases cited do not support the argument as applicable to the present case. The case of *Codman* v. *Jenkins*, 14 Mass. 93, was an action of assumpsit for use and occupation, brought by the heirs of Anne Austin, against the lessee of her husband, John Austin, whose title to the demised premises ceased by her death; and it was held, that the action could not be maintained, although the plaintiffs' title was paramount to the defendant's lessor's. But that case was decided on the ground, that the plaintiffs had never entered upon the prem-

ises, or had demanded possession or rent of the defendant, who continued to occupy under the lease, and not by the permission of the plaintiffs. This decision, therefore, is rather in favor of the defence, than in support of the present action, for if the plaintiffs had, after the death of their mother, demanded the rent due of the lessee, they might have well maintained their action ; and so the law has been settled in several cases.

In *Moss* v. *Gallimore*, 1 Doug. 279, 282, one Harrison had demised certain premises to the plaintiff, and afterwards mortgaged the same to the defendant, who demanded the rent of the tenant, and on non-payment he distrained ; and the distress was held to be justified, on the ground, that by the mortgage the lessor's reversion in the demised premises passed, with the title to the rent, as incident thereto, to the mortgagee ; and that the attornment of the lessee was unnecessary.

The case of *Farley* v. *Thompson*, 15 Mass. 18, was decided on the same principles, which fully support the defence in this case, and would support it without any proof of ouster or agreement to pay the rent to the execution creditors They had obtained the lessor's title to the reversion, and to the rent as incident thereto, before they made a demand on the defendant, and before the rent was due and payable ; whereby he would have been bound to pay the rent to them, and not to the lessor, whether he agreed so to do or not. This ground of defence was not taken at the trial, but it would be decisive of the action, if there had been any misdirection at the trial ; there was, however, none, for a verdict was directed to be returned for the defendant, and this direction upon the facts reported, and not questioned, was undoubtedly correct.                    *Exceptions overruled.*