[No. 914.]

ROBERT H. VANCE AND FAXAN H. ATHERTON *v.* JOSE DEMETRIO PEÑA, JESUS PEÑA, JUAN PEÑA, GAVINIO PEÑA, SUMATRIA PEÑA, NESTORIA PEÑA, AND FRANCISCO PEÑA.

COVENANT TO CONVEY LAND—REASONABLE TIME.—Where a vendor covenanted in his deed of conveyance to procure a reconveyance to himself, of such portions of the land described in the deed as he may have conveyed to others, or to convey other lands of equal value, etc.: *held*, that the vendor must procure such conveyance within a reasonable time; and eight years is not a reasonable time for that purpose.

BREACH OF COVENANT—STATUTE OF LIMITATIONS.—Such covenant is broken,

upon a failure to procure such conveyance within a reasonable time, or to convey to the vendee other lands of equal value; and the statute of limitations will commence running from such breach.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The case of *Vance* v. *Fore*, mentioned in the opinion, was an action of ejectment brought against the grantees of Clark and Curry to recover possession of the six hundred acres of land conveyed by Peña to Clark and Curry prior to the deed to Vance. It is reported in 24 Cal. 435. This action was brought against the children of Peña—to enforce a performance of the covenant with Vance—Peña having died intestate in 1863. The defendants had judgment, and the plaintiffs appealed.

The other facts are stated in the opinion.

[For reports of other questions litigated by the parties, see 21 Cal. 142; 33 Cal. 631; 36 Cal. 328.]

*S. F. Reynolds*, for Appellants.

Vance had no cause of relief upon the covenant until after the determination of the ejectment case against Fore et al. 24 Cal. 435. It was part of the covenant and agreement that Peña should have all necessary time to obtain those lands, either by a reconveyance, if he, upon examination, found that he had before conveyed the lands, or if he believed it was even a doubtful question, then sufficient time to have that question settled by the proper Courts; and that Vance was bound to such time, and had no action or suit against Peña until after such time. But if we are mistaken in this, then we insist that Peña could reasonably and fairly require such time; and cannot insist upon the running of the statute, while he was having this proper and reasonable time, to recover those lands by an action for his benefit. That the statute should run against a party under

such circumstances, would be, in the language of *Kane* v. *Cook,* to permit the defendant to take advantage of his own wrong, and to sustain a defense which, in conscience, he ought not to be permitted to avail himself of. Courts of equity will interpose and prevent the bar of the statute, and will not let it apply when it would be against conscience. (*Kane* v. *Cook,* 8 Cal. 449; 2 Story Eq. Sec. 1521 (a); Angel on Limitations, Sec. 115, notes.) No notice was required to be given before commencement of the suit. The filing of the bill is sufficient notice. It only affects the question of costs. This Court has so determined. But suppose notice, under the covenant to convey other lands, would have been required to have been given to Peña, before the bill was filed. That was rendered unnecessary, on the ground that by the conveyance to the defendants he had placed his other lands in their hands. The plaintiffs, therefore, are excused from the necessity of giving the notice under the covenant. (*Delemater* v. *Miller,* 1 Cow. 75; Main's Case, Coke's Rep. 5th Book, 21.)

*M. A. Wheaton,* for Respondents.

One of the conditions upon which Peña agrees to convey "other lands" is "upon reasonable notice." Peña had a right to put in his covenant whatever conditions he chose, and he did put in the above condition, that he should have reasonable notice; and it is not alleged that any notice whatever was ever given Peña. It is said no notice was necessary, because he conveyed the land. Had the action been against Peña for damages, because he had put it out of his power to fulfill his covenant, the authorities of counsel would have been in point; but they do not apply where the action is against the grantee instead of being against the grantor. (*Connelly* v. *Pierce,* 7 Wend. 129; *Hackett* v. *Hudson,* 3 Wend. 249; *Fuller* v. *Hubbard,* 6 Cow. 13.)

The cause of action was barred by the statute of limita-

tions.  It was agreed on the argument that this suit was commenced the first day of August, 1865.  The covenant was executed by Peña the 7th day of November, 1853, nearly twelve years before; and the deed to Curry and Clark was executed in January, 1853.  Peña was, therefore, liable upon his covenant, if at all, the moment he executed it.  The most that he could have claimed would have been a reasonable time in which to procure a reconveyance to himself.  Seven years might be allowed him as a reasonable time in which to obtain the reconveyance, and still this action would have been barred.  The suit commenced by. Vance, with Peña's "knowledge and approbation," had nothing to do in preventing the statute from running. Peña's covenant was not made dependent upon the result of that suit, either by its terms or by the fact that it was commenced with Pena's "knowledge and approbation." "Knowledge and approbation" of a suit on the part of a person does not make him either a party or privy to it, nor do they make the judgment binding upon him—still less upon his heirs or assigns.

If Vance ever had a cause of action against these defendants, it was as soon as the land came to their hands, especially if they received it for the purpose of cheating and defrauding the plaintiff out of it.  Yet more than four years elapsed from the time the last deed was given by Peña (May 17th, 1861) and the commencement of this action. True, the plaintiffs say that the conveyance was made by Peña to these defendants to defraud these plaintiffs, and also alleges that plaintiffs had no knowledge of the conveyances until after Peña died; this, however, does not bring their case within the fourth subdivision of the seventeenth section of the statute of limitations, because the conveyances were no fraud.  Peña had a perfect right to convey the lands to his

children. His natural affection for his offspring was a good legal consideration; if the covenant was binding upon and run with the land, the conveyances were made subject to the covenant, and could not defraud the plaintiffs. If the covenant did not run with the land, but was binding upon Peña as a personal obligation, then the conveyances could not have injured the plaintiffs, even by inducing or deterring their action, as they did not know of the conveyances until after the death of Peña had barred a personal action. In four years from the time the cause of action accrued the action was barred. (Statute of Limitations, Sec. 17; *Pena v. Vance*, 24 Cal. 150.)

By the Court, RHODES, C. J.:

The complaint states, that in 1853, Peña, the father of the defendants, conveyed to Vance a tract of land which formed a portion of a rancho which had been granted to Vaca and Peña. The tract conveyed is situated southerly of Alamo Creek, but there is excepted therefrom all lands which had theretofore been conveyed by Vaca and Peña. The deed contained a covenant of warranty, and also a further covenant, in the words following:

"And I, the said Peña, do hereby covenant and agree to and with the said Vance, and his heirs and assigns, that if any of the lands lying on the southerly side of said creek have heretofore been conveyed by said Vaca and Peña to any person or persons except that portion thereof that one William Fore has purchased and occupies, or claims at the date hereof, that in that case the said Peña will hereafter convey any of such portions of such lands as shall be conveyed to him, unto the said Vance, or his heirs or assigns; and in case the said Peña shall not be able to procure a conveyance to himself of such portions of said lands lying on the southerly side of said creek which may have been con-

veyed heretofore as aforesaid, then said Peña shall, and will, upon reasonable notice, convey unto said Vance, or his heirs or assigns, other lands in said County of Solano (of him said Peña), in quantity and quality of equal value to such lands as may have been conveyed, as aforesaid, on the southerly side of said creek, excepting, however, any lands now possessed by said Fore under claim of title."

Before the execution of the deed to Vance, Peña had conveyed to Currey and Clark six hundred acres of the lands described in the deed to Vance. An action was brought by Vance, with the knowledge and approbation of Peña, to recover from the grantees of Currey and Clark the six hundred acres of land, and judgment was rendered against Vance; and in April, 1864, the judgment was affirmed by the Supreme Court. No portion of the six hundred acres was reconveyed to Peña, nor was any part of the same conveyed to Vance. In 1859, Peña owned seven thousand acres of land—part of the same rancho—and in that and the two following years he conveyed the same to the several defendants without any consideration, and for the purpose of preventing the application of the lands to the satisfaction of his covenant with Vance. The defendants took with notice of the deed to Currey and Clark, and the deed and covenants to Vance; and it is alleged that they hold the lands in trust for the performance of the covenant to Vance, and are bound to convey so much thereof as may be necessary for the full performance of the covenant. Other facts are stated in the complaint, but they are not material to a correct understanding of those grounds of demurrer which will be noticed.

The decision on the former hearing was that there was no breach of the covenant, as it did not appear that "Vaca and Peña" had conveyed the six-hundred-acre tract to Currey and Clark. The soundness of that construction of the covenant is questioned by the plaintiffs. They contend that,

looking at the whole contract, the clause is to be read "Vaca *or* Peña." It will not be necessary, however, to express any opinion on that question.

One of the grounds presented by the demurrer to the complaint, is that the action is barred by the statute of limitations; and a further ground is that it is not alleged that "reasonable notice" was given to Peña or his assigns to convey any land to the plaintiffs. On the latter point, the position of the plaintiffs is that notice in fact was unnecessary, and that the want of notice would only affect the question of costs. That position may be accepted as correct, without discussion of the question whether the words of the covenant mean or necessarily imply an actual notice.

The question is, when was the covenant broken by Peña?

At the time Peña executed his conveyance to Vance, the six-hundred-acre tract had been conveyed to Currey and Clark, and it became his duty to procure a reconveyance of the six-hundred-acre tract, or to convey to Vance other lands, in accordance with his covenant. He was not relieved of that duty because he claimed, believed, or protested that the deed to Currey and Clark did not include any of the lands which were described in the conveyance to Vance. His denial that such was the purpose or effect of the deed to Currey and Clark, did not alter the fact that it did convey to them the six-hundred-acre tract. His covenant was not that he would procure a reconveyance of the lands which he believed, claimed, or admitted he had theretofore conveyed to others; or that, failing to procure such reconveyance, he would convey to Vance other lands in lieu thereof. His obligation arose from the fact, not from his admission or belief of the fact, of such prior conveyance. The covenant, therefore, was broken by his failure to convey to Vance, within a reasonable time, the land theretofore conveyed to Currey and Clark, or other lands as provided in the covenant.

Admitting—as the plaintiffs contend—that Peña was entitled to a reasonable time in which to procure, or attempt to procure, a reconveyance to him of the six-hundred-acre tract, it cannot be claimed that eight years is within the limits of a reasonable time for that purpose—it not being alleged that there was any obstacle in the way of his proceeding forthwith to procure the reconveyance; and, even allowing eight years as a reasonable time in which to attempt to procure a reconveyance, more than four years thereafter elapsed before this action was commenced. It is also contended that the plaintiffs had no cause of action against Peña or the defendants, until the determination of the action of *Vance* v. *Fore*, in April, 1864. The covenant is not conditional upon the event of any litigation then pending, or thereafter to be instituted. It cannot be implied from the covenant that the parties, at the time of the execution of the deed, contemplated that an action should be brought by either of them to test the question, as to whether any of the lands described in the deed had theretofore been conveyed by Peña. The fact that an action was brought by Vance for that purpose, with the "knowledge and approbation of Peña," did not suspend the running of the statute, if it had already commenced to run.

Judgment affirmed.