LYMAN TYLER *vs.* JOSEPH S. FICKETT.

Penobscot.  Opinion May 24, 1883.

*Real estate.  Building.  Betterments.*

Buildings erected on the land of another by one occupying under a contract to purchase become the property of the owner of the soil if the purchase be not completed, and are not betterments.

ON MOTION.

This is a real action to recover a lot of land and appurtenances in Bangor.

The case has before been at the law court and is reported in 73 Maine, 410.

It now comes upon the following motion, filed by the defendant, at the April term, 1882, and referred by the justice presiding to the law court together with the report, pleadings, deeds and exceptions in the former hearing :

[Motion.]

"And now said defendant comes and gives this honorable court to be informed, that at the trial of said case, the defendant in addition to the plea of the general issue, also filed his claim for betterments in due form of law, and the plaintiff also filed his claim to have the value of the soil without improvements, as provided in the twenty-fourth section of chapter 104 of the Revised Statutes, as will more fully appear by reference to the papers in said case.

"And thereupon the case was referred to referees to 'find the facts upon legal testimony and report the same on legal principles for the decision of the full court on law,' who proceeded to hear the parties, and having made their award in favor of demandant for the demanded premises, further found and awarded

according to section 34 of said chapter, by their said award, that the value of the buildings on said demanded premises was $175.00 ; that the value of the land without the improvements was $58.00, and that the value of the land with the improvements, other than the buildings, was $58.00, and that the use of the premises for six years prior to suit was $48.00, as will more fully appear by reference to their award which was duly returned to court and placed on file, and that thereupon the case was reported to the full court, 'to render such judgment on the facts reported as aforesaid and legally found, as the legal rights of the parties required, including the matter of title, boundaries, limitations and betterments,' and the full court having considered the case, and overruled certain exceptions not pertaining to or involving the question of betterments, ordered 'judgment for plaintiff accordingly' and nothing further. And thereupon the clerk misunderstanding the effect of the order thus entered on the docket, by mistake, under the general order of the court for judgments, entered 'judgment for plaintiff for title and possession of the demanded premises and damages for the sum of $48.00 and legal costs,' all of which was error and wrong, and further issued an execution on such erroneous judgment, which is still outstanding.

"Wherefore your petitioner, the defendant aforesaid, comes and says that accidentally the court failed to pass upon and decide said question of betterments, neither allowing nor disallowing the same as they should have done according to the reference and award of the referees and the submission to the full court, and that by issuing of the execution by the clerk he accidentally made another mistake of issuing the execution for damages $48.00, when there was no such judgment rendered on which such execution could be legally issued, and that, therefore, the same is unwarranted and void.

"Wherefore the defendant prays that said errors and mistakes may be corrected, by the court ordering the said execution thus improperly issued to be surrendered up and destroyed, and the action to stand to await the further order of the full court; and that the full court would order the action to be brought forward

to the present docket of the June term, 1882, for the purpose, and that thereupon such further judgment may be entered as may be conformable to the rights of the parties according to the terms of the award of the referees and the report of the court, at *nisi*, to the full court in *banc;* and that such further proceedings may be had as to justice and law may appertain, to the end that the tenant's claim for betterments, as reported by the referees, in their said award, may be duly allowed and ordered by the court."

Other material facts are stated in the opinion.

*H. L. Mitchell*, for the plaintiff.

*A. W. Paine*, for the defendant.

APPLETON, C. J.    The question presented for determination is whether the defendant is entitled upon the facts found by the referees to betterments.

The lots owned by these parties originally belonged to Willard Thompson, who on October 16, 1852, conveyed to Thomas R. Thompson the lot of the plaintiff, and on October 29, 1852, to Erastus Gowen the lot of the defendant.

It appears that as early as 1853, Gowen entered on the lot conveyed to T. R. Thompson (now plaintiff's) under a verbal contract for its purchase at the price of $75.00, towards which he paid $31.00.    While so occupying he erected the buildings in question, but subsequently he declined to complete his contract.

This occupancy by Gowen was not adverse to the title of the owner.    It was in subserviency thereto.    It was under a contract to purchase, which was in part performed.    Gowen had no claim to betterments.    *Treat* v. *Strickland*, 23 Maine, 234; *Moore* v. *Moore*, 61 Maine, 417.    The buildings erected became affixed to and a part of the realty.

On March 14, 1874, Thomas R. Thompson conveyed his lot to one George.    As there were no betterments as between him and Gowen, this conveyance gave George the lot and buildings. George in his deed conveyed the land excepting the buildings. But it is of no importance in the decision of this case whether

the buildings belong to George or the plaintiff. The defendant has no title to them.

On March 12, 1873, Gowen conveyed his lot to the tenant "with buildings thereon." The defendant entered and is in possession and claims betterments for the buildings. They are not on the lot conveyed to him as found by the referees. But suppose he entered into possession of the land holding it adversely from the date of his deed, he cannot claim compensation for what Gowen did. Gowen had no claim for betterments and having none, could convey none. The defendant has made no improvements. *Kennebec Purchase* v. *Kavanagh,* 1 Greenl. 348. He cannot claim any benefit of those made by his grantor who made them when he was in occupancy of the premises by permission of the owner and under a contract to purchase.

*Motion overruled. Judgment for plaintiff.*

DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.