[No. 12179.  Department Two. — December 19, 1889.]

JOHN HANNAN, RESPONDENT, v. JAMES McNICKLE, APPELLANT.

EJECTMENT BY VENDOR — BREACH OF CONTRACT BY PURCHASER IN POS-SESSION. — When the purchaser under a contract for the sale of land for the sum of nine hundred dollars, to be paid in monthly installments, the contract not fixing the amount of the installments, takes possession with the consent of the vendor, and improves the property, but makes no pay-ment beyond the sum of ten dollars at the date of the contract for the period of nearly three years, and refuses to make further payment, when a deed is tendered at the expiration of said period on demand of the whole price and interest due, the vendor may, after serving a demand in writing for possession of the property, recover the premises in ejectment.

ID. — EQUITABLE DEFENSE — PERFORMANCE OF CONTRACT — IMPROVEMENTS BY PURCHASER — INTEREST ON OVERDUE INSTALLMENTS. — In order to sustain an equitable defense to an action of ejectment by a vendor, the purchaser in possession under a contract of sale must show that he is not in default in the performance of his contract, and has paid all the install-ments of purchase-money that are due. He cannot hold possession after default in the payment of installments until all the installments become due. The fact that he has made valuable improvements cannot enable him to refuse to perform the contract and yet retain possession; nor does the fact that interest is to be paid on overdue installments operate to ex-tend the time for payment of the principal.

ID. — PURCHASE-MONEY — MONTHLY INSTALLMENTS — AMOUNT NOT FIXED — TIME OF PAYMENT — REASONABLE TIME. — When a contract for the purchase of land makes the purchase-money payable in monthly install-ments, without fixing the amount of the installments, the most that can

be said is, that there must be at least two installments; and the mere first payment of ten dollars at the date of the contract, without definite agreement as to the amount of monthly installments, will not have the effect to fix such amount or determine the time of payment. The time not having been fixed by the contract, if the purchase-money did not become due at once, or at the end of two months, it became due in a reasonable time. A period of nearly three years is more than a reasonable time for the payment of nine hundred dollars.

ID. — DENIAL OF DEFAULT — QUESTION WHETHER TIME IS OF ESSENCE. — Where the purchaser in possession under a contract of sale, when sued in ejectment by the vendor, denies that he is in default, and does not offer to pay what is due under the contract, no question is raised as to whether time was of the essence of the contract.

ID. — RECOVERY BY VENDOR — RESCISSION OF CONTRACT — EQUITY. — It is not necessary, in order to the recovery by a vendor in an action of ejectment against a purchaser, who is in default in paying the purchase-money, that he should rescind the contract or return any part of the purchase-money. Equitable principles cannot affect the plaintiff's right of recovery, since equity follows the law, and rules as the law rules.

ID. — TENDER OF DEED — DEMAND OF PURCHASE-MONEY — WAIVER OF OBJECTION. — Where the vendor tendered a deed, and demanded the payment of the whole purchase-money, without allowing credit for a small payment made by the purchaser, an objection to the tender of the deed because of such demand is waived, if the purchaser made no objection on the score of amount at the time of the tender, and did not offer to pay anything, but denies in his answer that anything was then due.

ID. — DEMAND OF POSSESSION — RENTS AND PROFITS — SET-OFF OF IMPROVEMENTS — ADVERSE POSSESSION. — A purchaser in possession, under a contract of sale, who is in default under the contract, is not entitled, in the absence of statutory provision therefor, to set off the value of his improvements erected before demand of possession by the vendor, against rents and profits which the vendor is entitled to recover from the time of such demand up to the time of trial. The provisions of section 741 of the Code of Civil Procedure for set-off of improvements apply only to improvements made in good faith, under color of title, where the holding is adverse; and the holding of such purchaser is not adverse to his vendor until after the demand for possession.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellant.

*A. H. Loughborough,* for Respondent.

The COURT. — Ejectment; judgment for plaintiff for possession of the premises and seventy dollars, rents and profits; defendant appeals.

It is conceded that the plaintiff was the owner on August 29, 1883. On that day he gave to the defendant a contract, in the following words: —

" San Francisco, August 29, 1883, John Hannan, party of the first part, sold to James McNickle, party of the second part, lots 10, 11, 12, 23, 24, 25, in block 160, outside land, in the Hannan tract, for the sum of nine hundred ·($900) dollars, United States gold coin, to be paid in monthly installments, defer payments to bear eight per cent per annum until paid. Title guaranteed to be perfect and clear of all encumbrance.

"JOHN HANNAN.
"JAMES McNICKLE."

This agreement, it is to be observed, says nothing about possession. But it .is in evidence that the defendant went into possession with the consent of the plaintiff; but whether this consent was verbal or in writing does not appear. The defendant "graded the lots, sunk a well, fenced in the lots, and built barns and other buildings for a milk business," which improvements he testifies cost him $1,000, but which he states in his answer were "of the cost and value of $950." On the day the writing was executed the defendant says he "paid him ten dollars, the first payment"; but nothing further has been paid. On May 4, 1886, the plaintiff tendered to the defendant a sufficient deed of the property, and "offered to deliver said deed on payment of nine hundred dollars and interest"; but the defendant did not pay any part of said sum, and the deed was not delivered. The plaintiff then served upon the defendant a demand in writing for the possession of the property. Upon these facts we think that the judgment was right.

1. The contract does not fix any time for the payment

of the purchase price. Nothing can be gathered from the statement in the contract that the price was to be paid "in monthly installments," because there is nothing as to the amount of such installments. The most that can be said is, that there must be at least two installments. Nor can the amount of the installments be inferred from the statement in the defendant's testimony that when the agreement was signed he "paid him ten dollars, the first payment." Aside from any other reason, the inference from such a statement is too shadowy to serve as the basis for the addition of a new term to the contract. The defendant does not say that any oral agreement was made on the subject. He does not even say that this first "payment" was the first "installment" under the contract. The contract did not require any installment to be paid in advance. And it may be that the ten dollars was paid because the parties supposed that it would serve to "bind the bargain." The proposition that the payment of a sum like nine hundred dollars was to be strung out over a period of seven years and a half, in sums of ten dollars each, is one that requires some definite evidence to support it. (The time not having been fixed by the contract, if the purchase-money did not become due at once, or at the end of two months, it became due in a reasonable time.) (See *Williston* v. *Perkins*, 51 Cal. 554; *Vance* v. *Pena*, 41 Cal. 686; *Luckhart* v. *Ogden*, 30 Cal. 540.) And we think that a period of nearly three years was more than a reasonable time for the payment of a sum like nine hundred dollars.

But taking the defendant's own theory, viz., that the purchase-money was to be paid in monthly installments of ten dollars each, it follows that at the end of each month an installment became due. And, therefore, at the time that a demand was made for possession, there were at least thirty-two installments due and unpaid. In any view that can be taken, therefore, the defendant was in

default with his payments. He did not perform what his contract required of him; and this being so, the fact that he made valuable improvements does not avail him. Such improvements cannot enable him to refuse to perform his contract and yet retain possession of the property. The performance of his contract is an essential feature of any equitable defense on his part. If any authority were needed for such a plain proposition, it is to be found in some of the cases cited by the appellant himself. (*Hicks* v. *Lovell*, 64 Cal. 20; 49 Am. Rep. 679; *Whittier* v. *Stege*, 61 Cal. 241.) The fact that interest was to be paid on overdue installments does not operate to extend the time for payment of the principal. To say that the defendant was entitled to hold the possession until *all* the installments became due is the very reverse of the true rule, which is, that he has no sufficient equity until he has paid all that are due. (*Alston* v. *Wingfield*, 53 Ga. 22.)

There is no question as to whether time was of the essence of the contract. For the defendant does not offer to pay what is due under the contract, but denies that he is in default.

2. This case is determined in favor of plaintiff by *Hoffman* v. *Remnant*, 72 Cal. 1, which is precisely in point, and shows that the plaintiff had a right to recover. (See *Seabury* v. *Stewart*, 22 Ala. 201–217, 58 Am. Dec. 254, where the point is ably discussed, and the authorities cited.)

The plaintiff was not called on to rescind the contract or return any part of the purchase-money. His right of recovery is consistent with the contract. He recovers because the defendant was in default in paying the purchase-money, and defendant cannot have land and money both. (*Central Pacific R. R. Co.* v. *Mudd*, 59 Cal. 585; *Seabury* v. *Stewart*, 22 Ala. 201–217; 58 Am. Dec. 254; *Hansbrough* v. *Peck*, 5 Wall. 506.) Equitable prin-

ciples cannot affect plaintiff's rights, since equity follows the law, and rules as the law rules.

3. It is argued for the appellant that the tender of the deed was ineffectual, because, as a condition of its delivery, the vendor demanded the payment of nine hundred dollars and interest, which did not allow for the ten dollars which had been paid. This is upon the theory that the making of the deed and the payment of the price were conditions concurrent under the contract. But if we are right in the foregoing position, the contract had nothing to do with the question of possession. All that can be claimed to have been necessary, under this view, was to have converted the possession into a tortious one by an unconditional demand that it be restored; and such a demand was made. But waiving this, and assuming that the tender of a deed was necessary, we think that what was done was sufficient. For the vendee made no objection on the score of amount. He did not offer to pay anything, but denies by his answer that anything was then due. Under these circumstances, the objection to the tender was waived.

4. The judgment for rents and profits was proper. They were evidently allowed for the period commencing with the demand for possession and extending up to the time of the trial. The evidence shows that seventy dollars was not too much for this period. And the finding on the subject is not attacked by a specification.

The defendant, being in default under his contract, is not entitled to set off the value of his improvements; that is the rule independent of statutory provision. (*Tyler* v. *Fickett*, 75 Me. 211; *Guthrie* v. *Holt*, 9 Baxt. 527; *Buell* v. *Irvin*, 24 Mich. 145.) The provision of section 741 of the Code of Civil Procedure, that the improvements may be set off, if made by one holding "under color of title *adversely* to the claim of the plaintiff in good faith," applies only where the holding is adverse. (*Bay* v. *Pope*, 18 Cal. 694.) And before the demand

above mentioned, the possession of the defendant was not adverse. (*Kerns* v. *Dean*, 77 Cál. 556; *Knox* v. *Hook*, 12 Mass. 329; *Greens* v. *Musson*, 9 Vt. 37; *Browning* v. *Estes*, 3 Tex. 476; 49 Am. Dec. 760; *Bishop* v. *Truett*, 85 Ala. 376.)

Judgment and order appealed from affirmed.