[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 14, 1996
The plaintiff has brought this action under § 49-30 of the Connecticut General Statutes to foreclose out the interest of the defendant, Virginia Coleman, a tenant who was omitted from the original foreclosure action. The plaintiff has moved for summary judgment on the grounds that there are no material facts in dispute and it is entitled to summary judgment as a matter of law.
The defendant does not dispute the allegations of the complaint which include the following: the plaintiff foreclosed a mortgage from Julia Lynn Austin on property known as 77 Evergreen Ave, Unit A-7. Hartford, Connecticut pursuant to a judgment of strict foreclosure which entered in this court on September 25, 1995; time for redemption for said judgment passed and title to the property vested in the plaintiff on November 1, 1995; the defendant claims an interest in the property by virtue of an unrecorded lease or tenancy of unknown date which interest is inferior in right to the plaintiff's interest; and the defendant was omitted as a defendant in the foreclosure action and the plaintiff seeks to foreclose out her interest pursuant to the provisions of § 49-30 of the Connecticut General Statutes.
The only disputed issue with respect to the Motion for Summary Judgment is one of law. The defendant has filed an amended answer in which she has added a special defense which claims that this action is barred by § 47a-23c of the Connecticut General Statutes.
Section 49-30 provides:
 Omission of parties in foreclosure actions. When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such CT Page 4907 interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title.
Section 47a-23c provides:
 Prohibition on eviction of certain tenants except for good cause. (a)(1) Except as provided in subdivision (2) of this subsection, this section applies to any tenant who resides in a building or complex consisting of five or more separate dwelling units or who resides in a mobile manufactured home park and who is either: (A) Sixty-two years of age or older, or whose spouse, sibling, parent or grandparent is sixty-two years of age or older and permanently resides with that tenant; (B) blind, as defined in section 1-1f; or physically disabled, as defined in section 1-1f, but only if such disability can be expected to result in death or to last for a continuous period of at least twelve months.
 (2) With respect to tenants in common interest communities, this section applies only to (A) a conversion tenant, as defined in subsection (3) of section 47-283, who (i) is described in subdivision (1) of this subsection, or (ii) is not described in subdivision (4) of section 47-283, is residing in a conversion condominium created after May 6, 1980, or in any other conversion common interest community created after December 31, 1982, or (iii) is not described in subdivision (1) of this subsection but is otherwise protected as a conversion tenant by public act 80-370[*], and (B) a tenant who is not a conversion tenant but who is described in subdivision (1) of this subsection if his landlord owns five or more dwelling units in the CT Page 4908 common interest community in which the dwelling unit is located.
 (3) As used in this section, "tenant" includes each resident of a mobile manufactured home park, as defined in section 21-64, including a resident who owns his own home, "landlord" includes a "licensee" and an "owner" of a mobile manufactured home park, as defined in section 21-64, "complex" means two or more buildings on the same or contiguous parcels of real property under the same ownership, and "mobile manufactured home park" means a parcel of real property, or contiguous parcels of real property under the same ownership, upon which five or more mobile manufactured homes occupied for residential purposes are located.
On its face. § 47a-23c applies only to bar certain "eviction actions." If the court were to accept the defendant's argument that § 47a-23c, or any other defense available in a summary process action, could bar a foreclosure pursuant to §49-30, then that statute would be completely ineffectual in permitting a foreclosing party to foreclose out the unrecorded interests of month-to-month tenants, precisely the type of interest most likely to be omitted from a foreclosure action. Moreover, the defendant's argument reflects a misunderstanding of the nature of an action brought pursuant to § 49-30. It is not a summary process action where the plaintiff stands in the shoes of the foreclosed landlord. Rather, it is an action by a foreclosing mortgagee who has an interest superior to that of the landlord.
In the case of Conference Center Ltd. v. TRC, 189 Conn. 212,218, 219, 455 A.2d 857 (1983), the Supreme Court explained the respective interests in property of a mortgagee and tenant of a mortgagor:
 As a title holder, in the absence of an agreement to the contrary, the mortgagee has a right to immediate possession against its mortgagor; Hartford Realization Co. v. Travelers Ins. Co., supra; Desiderio v. Iadonisi, supra; Chamberlain v. Thompson, supra; and hence also against a tenant who derives his interest from the mortgagor. Darling Shop of Birmingham v. Nelson Realty Co., 262 Ala. 495, CT Page 4909 500, 79 So.2d 793 (1954); George v. Putney,
58 Mass. (4 Cush.) 351, 354, 50 Am. Dec. 788 (1849); 1 Friedman on Leases (1974) 8.1, p. 290; Osborne, Mortgages (2d Ed. 1970) 144, p. 235; Kratovil, Modern Mortgage Law and Practice (1981) 20.05. If, after default, the mortgagee exercises his right to possession by an actual entry upon the mortgaged premises, such an entry, because it constitutes an eviction of the tenant, results in the termination of the tenant's lease. Pabst Brewing Co. v. Thorley, 145 F. 117, 122 (2d Cir.), cert. denied, 203 U.S. 597, 27 S.Ct. 784, 51 L.Ed. 333 (1906); Net Realty Holding Trust v. Nelson, 33 Conn. Sup. 22, 25, 358 A.2d 365 (1976); Kratovil, supra, 20.05; Lesar, Landlord and Tenant 3.48 in 1 Am. Law of Property (1952); Osborne, supra, 144, pp. 237-38; 1 Tiffany, Real Property (3d Ed. 1939) 139; Restatement (Second), Property 4.3.(Emphasis added.)
If the plaintiff had joined the defendant in the original foreclosure action, then the judgment of strict foreclosure would have entitled the plaintiff to immediate possession of the premises without the necessity of instituting a summary process action. Under § 49-30 the plaintiff can also foreclose out the interests of a defendant with an inferior interest in the property, such as the defendant here, without resorting to a summary process action. To the extent the defendant's health or age require a stay of execution of the judgment for possession, the defendant is free to make a motion for stay. However, she cannot assert a statute applicable to summary process actions as a defense to this foreclosure action.
For the foregoing reasons the Motion for Summary Judgment is granted.
AURIGEMMA, J.